In the Matter of the Estate of LIBERTUS VAN BOKKELEN, Deceased.   (Appeal No. 1.)

In the Matter of the Accounting of D'ARCY VAN BOKKELEN, as Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased.   (Appeals Nos. 2 and 3.)

CARROLL G. WALTER, as Successor Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased, Appellant; GLENS FALLS INDEMNITY COMPANY, Respondent.

(Consolidated Appeals.)

Argued January 7, 1941; decided March 13, 1941.

*A. F. Schaeffner* and *J. Frederick Eagle* for appellant.

*Sidney J. Loeb, Stephen F. Maher* and *Edward L. Johnson* for respondent.

FINCH, J.  This is a proceeding to determine the liability of a surety upon an administrator's bond.

An administrator *de bonis non*, one D'Arcy Van Bokkelen, commenced a proceeding for his own accounting. After the hearings had been concluded, but before the order was made settling the account, National Surety Corporation, as surety for Van Bokkelen under a $50,000 bond, filed a petition under section 109 of the Surrogate's Court Act, asking, as a matter of right, " to be relieved from liability as such surety  *  *  *  for the act or omission of such principal, occurring after the date of  *  *  * " the entry of the order applied for.  The administrator was ordered to file a new bond in the sum of $5,000 " in the place and stead of the bond on which the National Surety Corporation is surety."  His offer of the bond of the Glens Falls Indemnity Company was accepted by the Surrogate, who then ordered that National Surety Corporation be " released and discharged from all *subsequent* responsibility for any act or default of the said D'Arcy Van Bokkelen *subsequent* to the 3rd day of November, 1937, on which day this court has approved the bond  *  *  *  with the Glens Falls Indemnity Company as surety."  (Italics added.)  Shortly thereafter, the Surrogate made his decree in the Van Bokkelen accounting proceeding, removing him as administrator and surcharging him in the sum of $9,923.24 for moneys

improperly expended more than four years prior thereto. This surcharge was subsequently reaffirmed by another decree entered in a second accounting proceeding.

Van Bokkelen having failed to pay the sum as directed by the final decrees in both the first and the second accounting proceedings, appellant herein, Van Bokkelen's successor as administrator, commenced a proceeding under section 115-a of the Surrogate's Court Act to fix the liability of National Surety Corporation and Glens Falls Indemnity Company upon their respective bonds. The Surrogate dismissed the proceeding as to National Surety Corporation, but ordered that Glens Falls Indemnity Company must bear the loss up to the amount of its bond. Upon appeal by the Glens Falls Indemnity Company to the Appellate Division, the decrees of the Surrogate were reversed in so far as they imposed liability upon that company. It is from that order that the successor administrator appeals to this court.

The only question involved on this appeal is whether respondent assumed liability for the acts of Van Bokkelen as administrator committed more than four years before the execution and filing of its bond. The liability of respondent is predicated on the fact that after its bond became effective, Van Bokkelen failed to obey the decree of the Surrogate directing him to pay the surcharge to his successor. Since the Glens Falls Indemnity Company was free to assume such liability as it intended to assume, we look to the language of the bond and to the orders of the Surrogate pursuant to which it was given to determine this intent. The orders, in so far as pertinent, have been quoted above. The condition of the bond is as follows: " The condition of this obligation is such, that if the above bounden D'Arcy Van Bokkelen shall *hereafter* faithfully execute the trust reposed in him as administrator *de bonis non* of all and singular the goods, chattels and credits of Libertus Van Bokkelen, late of Buenos Aires, Argentine Republic, S. A., deceased, and obey all lawful decrees and orders of the Surrogate's Court of the County of New York touching the administration of the estate committed to D'Arcy Van

Bokkelen then this obligation to be void, else to remain in full force and virtue." (Italics added.)

The bond of the National Surety Corporation for $50,000 had been in force since 1932. Every dollar of the $9,923.24 for which Van Bokkelen as administrator was surcharged had been disbursed prior to May 31, 1933. The bond of the Glens Falls Indemnity Company was not executed and filed until more than four years later. When the new bond was filed, the hearings on the objections to the account of Van Bokkelen as administrator had already been concluded, and the learned Surrogate then had in his mind the amount of the surcharge claimed and all the evidence upon which he made his decree surcharging Van Bokkelen. Also in the proceeding on the petition of the National Surety Corporation to be relieved from future liability, the court had ordered that a new bond be filed " in the place and stead of the bond on which the National Surety Corporation is surety." It, therefore, appears that a $50,000 bond was being replaced with a $5,000 bond. If the new bond were liable immediately for the surcharge of $9,923.24 which had been expended four years before, would an order have been made limiting the amount of the new bond to only $5,000, or little more than one-half of the amount of the surcharge? If this were to be the obligation of the Glens Falls Indemnity Company, is a liability for a past surcharge amounting to $9,923.24 compatible with a payment of $35 premium? In addition, in directing the discharge of the National Surety Corporation the use of the word " subsequent " twice by the Surrogate, first when he directed that the National Surety Corporation be " released and discharged from all subsequent responsibility," and again when he provided that the discharge was from such " responsibility for any act or default of the said * * * subsequent to the 3rd day of November, 1937," coincides with the provision of the new bond which provides that the administrator " shall hereafter faithfully execute the trust." This would seem to show clearly the intention that the bond was to be limited to acts and defaults of the administrator occurring

after the date when this bond was executed and filed. It is true that the phrase " * * * obey all lawful decrees and orders of the Surrogate's Court * * * " might, standing by itself, be read as imposing an unrestricted liability, but when these words occur in connection with the limitation contained in the words previously used in the same sentence, namely, " * * * shall hereafter faithfully execute * * * ," it would seem clear that the bond of the Glens Falls Indemnity Company was not intended to cover a loss resulting from acts which had occurred four years before this bond was executed.

Appellant urges that, as the bond was drawn and proffered by the Glens Falls Indemnity Company, any ambiguity therein should be construed against the surety, but upon a consideration of all the circumstances enumerated above, the intention of the bond as given is sufficiently clear and obviates any such ambiguity.

Appellant also relies upon *Scofield* v. *Churchill* (72 N. Y. 565, 568). In that case, upon an application to remove the executor, an order was made which required that the executor file a surety bond or else be removed. He then, for the first time, filed such a bond, and the surety upon that bond was subsequently held liable for defalcations which had occurred prior to the date when the bond was given. In the *Scofield* case the bond was required as the result of a proceeding under statutory provisions now substantially incorporated in section 107 of the Surrogate's Court Act whereby any person interested in an estate may present a petition to the Surrogate praying that additional security be afforded in a proper case. In that event, the object of the statute is " no doubt to furnish protection against any improper use of the fund which had transpired, as well as any future misconduct or default of the executor. * * * If it were otherwise, and a default had already occurred, all proceedings against the executor might be suspended until he was called to a final account, and that portion which had been wasted or lost might never be recovered." (*Scofield* v. *Churchill*, 72 N. Y. 565, 568.) In the case at bar, as

already noted, the new bond was given to replace the old one in a proceeding under section 109 of the Surrogate's Court Act which confers a statutory right upon the old surety to be relieved of liability for subsequent misconduct on the part of the principal. In accordance, therefore, with this section 109, the order of the Surrogate releasing National Surety Corporation for future acts and accepting the bond of the respondent, Glens Falls, directed Van Bokkelen " to file and settle his account * * * within twenty days from the date of the entry of this order * * *; and for that purpose cause a citation to be issued and served upon all the interested parties * * *." This resulted in the second accounting referred to earlier in this opinion. It was for the failure of Van Bokkelen to pay the sum with which he was surcharged by the decree dated December 27, 1939, in this second accounting proceeding, that the successor administrator brought the present proceeding under section 115-a to fix the liabilities of the respective sureties. Thus a proceeding under section 109, unlike one under section 107, is not for the purpose of providing additional security. Section 109 requires an accounting by the principal so that those beneficially interested in the estate will have a convenient means for the prompt enforcement of the liability of the old surety. That there was an accounting conducted in the case at bar is undisputed and, indeed, is clearly presented by the record. Under section 109, where the circumstances are such as in the case at bar, each bond is liable for the defaults occurring during the period the bond in question is in effect.

The orders should be affirmed, with costs to all parties filing separate briefs, payable out of the estate.

LOUGHRAN, J. (dissenting). Section 109 of the Surrogate's Court Act gives a surety an absolute right to retire. In a proceeding under that section by a surety for a release, the only parties are the surety and the fiduciary-principal. The beneficiaries of the trust are not to be cited. Where no accounting has been made in the course of the proceeding (as was the case in this instance) it may very well result that

the beneficiaries will have no notice of a substitution of sureties until the fiduciary thereafter makes an accounting — perhaps after delay such that the beneficiaries may then meet sizable difficulties in fixing the period during which a default of their fiduciary occurred.

The application of a surety for a discharge does not diminish the powers of the fiduciary until on his failure to give a new bond (as was not the case in this instance) the fiduciary's letters have been canceled. It is true that in a proceeding under section 109 a successor surety has the right to have completed transactions in the estate closed up. But it is only completed transactions of the fiduciary that can be so concluded.

Consequently, as I apprehend, the beneficiaries of an estate will be seriously prejudiced in the practical enforcement of their rights if (as the court now holds) the liability of a substituted surety is to begin only as of the date when the former surety is let out. I cannot believe that by section 109 of the Surrogate's Court Act the Legislature intended so to improve the interests of business sureties to the disadvantage of beneficiaries of their undertakings. (Cf. *Scofield* v. *Churchill*, 72 N. Y. 565.) The fact is that section 109 says nothing in respect of the inception or extent of the liability of a successor surety.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to all parties filing separate briefs payable out of the estate.

LEHMAN, Ch. J., LEWIS and DESMOND, JJ., concur with FINCH, J.; LOUGHRAN, J., dissents in opinion in which RIPPEY and CONWAY, JJ., concur.

Orders affirmed, etc.