■ In the Matter of JOSEPH BRANCATO, Deceased. NINA M. ANZA-TRUGLIO, Respondent-Appellant; FIDELITY AND DEPOSIT

Company of Maryland, Appellant-Respondent. [31 NYS3d 562]—In a proceeding pursuant to SCPA 809 (1) (a) to recover on a bond issued in connection with the guardianship of Joseph Brancato, deceased, Fidelity and Deposit Company of Maryland appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated June 14, 2013, as amended by an order of the same court dated October 24, 2013, as, in effect, granted that branch of the petitioner's motion which was for summary judgment on the issue of liability with regard to damages incurred under an original bond and a reduced bond during certain effective periods, and the petitioner cross-appeals, as limited by her brief, from so much of the order dated October 24, 2013, as amended the order dated June 14, 2013, by determining that Fidelity and Deposit Company of Maryland's liability for damages incurred under an original bond continued until the date that a reduced bond was issued and limiting the total liability to the sum of $500,000.

Ordered that the order dated June 14, 2013, as amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 24, 2013, is affirmed insofar as cross-appealed from, without costs or disbursements.

On February 4, 2002, the Supreme Court appointed Charles W. Benton as the guardian of the property of Joseph Brancato pursuant to Mental Hygiene Law article 81. On February 25, 2002, Benton obtained a guardian bond from Fidelity and Deposit Company of Maryland (hereinafter Fidelity) in the sum of $500,000. On July 22, 2004, the Supreme Court directed Benton to file a reduced bond in the sum of $207,000. On February 9, 2005, Fidelity issued a reduced bond in the sum of $207,000. In 2006, Benton resigned and was relieved as guardian. On February 23, 2008, Brancato died.

Thereafter, following a hearing, the Supreme Court found that Benton breached his fiduciary duties as guardian and entered a judgment against Benton in the total sum of $664,388. The petitioner, the executor of Brancato's estate, was then granted leave to commence the instant proceeding pursuant to SCPA 809 (1) (a) in the Surrogate's Court against Fidelity to recover on the bond issued to Benton. In an order dated June 14, 2013, the Surrogate's Court, in effect, granted that branch of the petitioner's motion which was for summary judgment on the issue of liability. The Surrogate's Court found that Fidelity was liable for damages incurred on the original bond until the date that the reduced bond was issued and was

thereafter liable on the reduced bond for damages that occurred from the issuance thereof until the date of Benton's resignation. In an order dated October 24, 2013, the Surrogate's Court amended its prior order by clarifying that Fidelity's total liability "shall not exceed the amount of the original bond, which was $500,000."

Under the facts of this case, the Surrogate's Court properly, in effect, granted that branch of the petitioner's motion which was for summary judgment on the issue of liability with regard to the damages incurred on the original bond and the reduced bond during the effective periods, and correctly limited Fidelity's total liability to the sum of $500,000 (see SCPA 801 [1] [e]; 809; Matter of Van Bokkelen, 285 NY 189 [1941]; Matter of Camarda, 103 Misc 2d 362 [Sur Ct, Onondaga County 1980]).

To the extent that the petitioner raises an issue regarding her request for statutory interest, attorney's fees, and costs, that issue remains pending and undecided and, therefore, is not properly before this Court (see Katz v Katz, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.