ROCHELLE KATZ, Respondent-Appellant, v ALAN KATZ, Appellant-Respondent.

Second Department, June 25, 1979

APPEARANCES OF COUNSEL

*Joel R. Brandes* for respondent-appellant.

*Arnold B. Firestone* for appellant-respondent.

**OPINION OF THE COURT**

DAMIANI, J.

This action seeking a separation was commenced by the wife by service of a summons and an ex parte order sequestering certain of defendant's assets within this State and providing, pursuant to CPLR 308 (subd 5) and section 232 of the Domestic Relations Law, that service of the summons might be made upon defendant by mail at his business address in California. Thereafter defendant appeared in this action and, upon receipt of the complaint which alleged adultery, abandonment and cruel and inhuman treatment of the plaintiff by the defendant, he served his answer consisting solely of a general denial. No motion was made to dismiss for lack of personal jurisdiction and the defendant's answer failed to raise any jurisdictional objection. Accordingly, the Supreme Court had jurisdiction over defendant's person (see CPLR 3211, subd [e]).

On or about November 7, 1977, defendant commenced an action for divorce in the Superior Court of the State of California. On December 6, 1977 the plaintiff moved in the instant action by order to show cause, containing a temporary restraining order which was served upon defendant's New York attorney, for an award of temporary alimony and to enjoin defendant from proceeding with his California divorce action. Determination of this motion was subsequently referred to the trial court. On December 22, 1977 defendant

procured an interlocutory judgment of divorce from the California court.

On January 5, 1978 plaintiff moved by order to show cause, served upon defendant's New York counsel, to punish defendant for contempt of court in that he obtained the interlocutory California divorce judgment after being served with the temporary restraining order of December 6, 1977. Ultimately, this motion to punish defendant for contempt was consolidated with the application for an injunction and was referred to the trial court.

On April 5, 1978 plaintiff moved for a trial preference and for leave to conduct an oral examination of defendant prior to trial. On April 18, 1978 the application for an examination before trial was granted without opposition.

On or about April 20, 1978, plaintiff notified defendant of her intention to move at trial to amend her complaint to seek a divorce rather than a separation. Defendant failed to appear for the examination before trial as directed by the order of April 18, 1978.

On May 15, 1978 the plaintiff appeared with her counsel for trial. Defendant appeared by his attorney. Plaintiff moved to strike defendant's answer because of his failure to appear for the examination before trial. Defendant's counsel argued that this action was moot because at 8 A.M. on that very morning, defendant had obtained a final judgment of divorce in California. Thereupon the trial court granted plaintiff's motion to strike defendant's answer and the motion to hold defendant in contempt of court was submitted for determination on the basis of the papers previously filed with the court. The proceedings were adjourned until 2 P.M. for the purpose of holding an inquest. Defendant's attorney did not appear at the inquest, and plaintiff thereupon adduced proof of her allegations of adultery, abandonment and cruel and inhuman treatment and of her financial needs. Plaintiff's motion to amend her pleading so as to seek a divorce rather than a separation was granted and the court reserved decision on the application to punish defendant for contempt of court. On or about May 23, 1978, an affirmation of services was submitted by plaintiff's counsel, on notice to defendant, in connection with her application for an award of counsel fees. The defendant submitted no papers in opposition.

On August 30, 1978 a judgment was entered in favor of plaintiff, granting her a divorce, custody of the infant child of

the parties, an award of alimony and child support and an award of counsel fees. The paragraphs of the proposed judgment submitted by plaintiff which found as a fact that defendant had committed a contempt of court and which imposed a penalty for the contempt were stricken from the judgment as signed. However, the court failed to substitute a decretal paragraph therefor deciding the motion to punish defendant for contempt.

Defendant has appealed from the judgment contending, with respect thereto, *inter alia,* that plaintiff failed to prove a prima facie case for a divorce, that the financial awards to the wife were improper, that the award of counsel fees was excessive, and that certain rulings of the court during trial were erroneous. The husband's appeal also purports to bring up for review: (1) an ex parte order dated October 26, 1977, which, *inter alia,* granted plaintiff's motion for the sequestration of certain of defendant's assets; (2) an order to show cause dated December 6, 1977, which temporarily restrained defendant from maintaining his action for divorce in the courts of the State of California, which was commenced after the present action was instituted; (3) so much of an order to show cause dated February 27, 1978, as permitted service of motion papers seeking reargument of a motion to hold defendant in contempt of court upon defendant's New York attorney; (4) so much of an order to show cause dated April 5, 1978, as permitted service of plaintiff's motion papers for a trial preference and leave to conduct an examination before trial of defendant upon defendant's New York attorney; and (5) an order dated April 18, 1978, which granted plaintiff's motion for a trial preference and an examination before trial of the defendant. The plaintiff has cross-appealed from so much of the judgment of divorce as allegedly denied her application to punish defendant for contempt of court.

■ Before proceeding to a consideration of the substantive issues raised by the parties, it is necessary to examine the question of this court's power to review the final judgment of divorce and the intermediate orders in question. In the case of *James v Powell* (19 NY2d 249), the Court of Appeals noted that where a defendant's answer has been stricken, a judgment entered thereafter in favor of the plaintiff is, in effect, based in part upon a default by the defendant. The court held that despite the provisions of CPLR 5511 (which prohibit appeals from judgments or orders entered upon the default of

an aggrieved party) an appeal would lie from such a final judgment but review would be limited to "matters which were the subject of contest below" *(James v Powell, supra,* p 256, n 3).

Although review may be had of the proceedings on a contested inquest after a default *(McClelland v Climax Hosiery Mills,* 252 NY 347, 353-354), in this case the defendant's attorney left court after his client's answer was stricken and he did not return for the inquest. Accordingly, defendant's present contentions (1) that plaintiff failed to prove a prima facie case of abandonment, adultery or cruel and inhuman treatment, (2) that the wife was not entitled to an award for necessaries, (3) that the awards of alimony and child support were not based on competent evidence and (4) that the complaint should not have been amended at the inquest to seek a divorce rather than a separation (even though defendant knew that plaintiff intended to make that motion), are not reviewable by this court since they all relate to matters which were determined at an uncontested inquest. Similarly, defendant may not have a review of the order of April 18, 1978 granting a trial preference and directing him to appear for an examination before trial or of the award in the final judgment of counsel fees to the wife, because these questions were determined on motions which went unopposed by defendant.

Review may not be had of the order of October 26, 1977 which, *inter alia,* granted plaintiff's motion for the sequestration of defendant's assets because that order was entered ex parte. If defendant wished to contest the order of sequestration, he could have simply moved to vacate it and thereby had a review of the order deciding the motion to vacate (see *Matter of Scotti,* 53 AD2d 282, 285-286). This he did not do.

Finally, defendant may not have a review of the temporary restraining order contained in the order to show cause dated December 6, 1977 or of the service provisions of the orders to show cause dated February 27, 1978 and April 5, 1978. In addition to the fact that these provisions are contained in unreviewable ex parte orders, they also do not "necessarily affect" the final judgment (see CPLR 5501, subd [a], par 1), since that judgment contains no provisions relating to the motion to punish defendant for contempt.

The only ruling adverse to defendant which is reviewable by this court on defendant's appeal from the final judgment is the granting by the Trial Justice of plaintiff's oral

motion to strike defendant's answer for failure to appear for an examination before trial (see CPLR 5501, subd [a], par 3). In this regard defendant contends that since there was no written order entered upon the determination of plaintiff's motion to strike his answer, the oral ruling of the trial court was a nullity (citing *School of Music of Brooklyn Free Musical Soc. v Moritt*, 135 NYS2d 43; *Cygler v Motor Vehicle Acc. Ind. Corp.*, 234 NYS2d 18; *McCormick v Mars Assoc.*, 25 AD2d 433). The cited cases are inapposite. The *School of Music* case merely holds that where, prior to trial, a motion is made on papers and upon the return date, the motion is decided from the bench by the court at Special Term and a notation is made in the file as to the court's disposition, the mere notation is ineffective to affect the rights of the parties and a written order must be prepared, signed and served before the determination becomes effective. The *Cygler* and *McCormick* cases hold that where a motion made on papers has been decided and a written order has been entered upon that decision, the order is ineffective until served upon the party whose rights are adversely affected thereby.

■ ■ The facts of this case differ markedly from those in the foregoing cases. Here we are concerned with an oral motion made to the court during a trial. "Such motions are not truly applications for orders, and are determined by oral rulings of the trial court entered upon the stenographic record of the case" (2A Weinstein-Korn-Miller, NY Civ Prac, par 2219.02). The oral ruling is, of course, subject to review upon appeal from the final judgment entered after trial (CPLR 5501, subd [a], par 3). It is clear from this record that defendant's failure to appear for an examination before trial at least two days prior to trial as directed by the order of April 18, 1978 was part of a willful strategy to delay and to do nothing to assist the court in deciding this case on the merits before he could prosecute his California divorce action to final judgment. In this context, the court at Trial Term was amply warranted in striking defendant's answer. Accordingly, the judgment, insofar as appealed from by defendant, should be affirmed.

■ Plaintiff has cross-appealed from so much of the judgment of divorce as allegedly denied her motion to punish defendant for contempt. The cross appeal must be dismissed since the judgment contains no decretal paragraph either granting or denying that motion and so far as appears from

this record no decision on the motion was ever made and no order was ever entered thereon. The motion to punish defendant for contempt therefore remains pending and undecided. We note that there appear to be questions of fact as to whether defendant had actual knowledge of the restraining order prohibiting his prosecution of the California action (see CPLR 5104; *Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers,* 42 AD2d 422, 426; *People ex rel. Stearns v Marr,* 181 NY 463; see, also, 38 St. John's L Rev 341-347).

HOPKINS, J. P., TITONE and MARTUSCELLO, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered August 30, 1978, affirmed insofar as appealed from the by defendant.

Cross appeal by the plaintiff dismissed.

Plaintiff is awarded one bill of costs.