■   ROCHELLE KATZ, Respondent-Appellant, v ALAN KATZ, Appellant-Respondent, and RETIREMENT INCOME SECURITY PLAN FOR EMPLOYEES OF THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents-Appellants.—In a matrimonial action, the cross appeals are from so much of an order of the Supreme Court, Suffolk County, dated April 2, 1979, as (1) directed the trustees of two trusts to turn over to plaintiff, as receiver and sequestrator of defendant's property, the vested portions of the trust funds held for the benefit of defendant and (2) denied plaintiff's application for a counsel fee. Brought up for review is so much of a further order of the same court, dated November 23, 1979, as, upon granting the trusts motion for reargument insofar as the prior order affected them, adhered to the original determination. Appeal from so much of the order dated April 2, 1979 as directed the trusts to turn over funds to plaintiff dismissed as academic. That portion of the order was superseded by the order granting reargument. Order dated April 2, 1979 otherise affirmed insofar as appealed from, and order dated November 23, 1979 affirmed insofar as reviewed. Plaintiff is awarded one bill of $50 costs and disbursements, payable jointly by defendant and the trusts. The plaintiff wife was first appointed receiver and sequestrator of the defendant husband's property in October of 1977 pursuant to section 233 of the Domestic Relations Law. Both defendant and his employer, the Mutual Life Insurance Company of New York (Mutual), were

served with a copy of the order. In particular, the order directed that plaintiff was to receive the income due to her husband from his employer under a company investment stock plan and a company pension plan, the appellant trusts herein. Said order of sequestration was subsequently continued by a judgment of divorce in August of 1978. This court affirmed the judgment of divorce (Katz v Katz, 68 AD2d 536). By order to show cause, plaintiff sought to hold Mutual in contempt of court for failing to deliver any funds to her pursuant to the order of sequestration. In addition, plaintiff sought an order directing the delivery to her of all amounts held for the benefit of defendant in the two trusts. In a memorandum decision dated March 16, 1979, the court, inter alia, refused to hold Mutual in contempt, but directed the turnover to plaintiff of those portions of the two trusts held for the benefit of defendant. A request by plaintiff for a counsel fee was denied. An order was made on the decision on April 2, 1979. On March 7, 1979 the contract pursuant to which defendant was authorized to represent Mutual was terminated by Mutual, effective April 6, 1979. As a result of the termination and several elections made by defendant with respect to the employee benefit plans, the funds held in one trust became payable in an annuity commencing at defendant's normal retirement date and the funds in the other trust became subject to payment in 10 annual installments. The trusts argue on the appeal that payment to plaintiff may only be made in accordance with the terms of the trusts as they relate to termination thereunder. We disagree. Plaintiff was appointed receiver and sequestrator of defendant's property prior to defendant's termination by Mutual. The record clearly shows that up until the effective date of his termination, defendant had vested interests in the two trusts and had the right to withdraw in excess of $43,000 therefrom. These sums are therefore subject to immediate distribution to plaintiff as receiver and sequestrator. With respect to plaintiff's cross appeal, we find that there was no abuse of discretion on the part of the court in denying her application for a counsel fee. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.