■ ROCHELLE KATZ, Respondent-Appellant, v ALAN KATZ, Appellant-Respondent. — In a divorce action, the parties cross-appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 25, 1980, which, *inter alia,* in part, granted defendant's motion to vacate a judgment of divorce dated August 29, 1978, on condition that defendant post a bond, submit to an examination before trial, and submit a statement of net worth, and (2) an order of the same court, dated March 24, 1980, which granted defendant leave to renew and reargue his prior motion and, upon renewal and reargument, adhered to its original determination. Appeal from order dated February 25, 1980 dismissed, as academic, without costs or disbursements. Said order was superseded by the order granting reargument and renewal. Order dated March

24, 1980 modified, on the law, by adding after the last word of the first paragraph, the following, "except that the amount of the surety company bond which defendant must file is reduced from $101,652.08 to $58,067.08." As so modified, order affirmed, without costs or disbursements. This case has a long and complicated history, a portion of which has been set forth in a prior decision of this court *(Katz v Katz,* 68 AD2d 536). Subsequent to that decision defendant moved to vacate the judgment of divorce pursuant to CPLR 5015 (subd [a], par 1). In its order dated February 25, 1980 Special Term vacated the portions of the judgment of divorce, dated August 29, 1978, which awarded plaintiff alimony of $400 per week, child support of $350 per week per child, $31,152.08 in necessaries, and $15,000 in counsel fees, on condition that defendant post a bond in the sum of $101,652.08, submit to an examination before trial, and submit a statement of net worth. In its order dated March 24, 1980, Special Term granted defendant's application to renew and reargue, but adhered to its determination dated February 25, 1980. Since plaintiff has sequestered defendant's assets amounting to $43,585, the amount of the required bond, representing accrued arrears, should be reduced accordingly, to $58,067.08. Defendant contends that he is financially unable to post a bond, even in that lesser amount. However, on this record, we cannot determine whether that assertion is accurate. At the conclusion of all discovery proceedings, defendant may, if so advised, move to renew, and upon competent evidence that he is financially unable to post a bond, ask Special Term to vacate that condition. We have considered the parties' other contentions and find them to be devoid of merit. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.