■ TOWN OF SMITHTOWN, Respondent, v NORTHEAST MINES, INC., et al., Appellants. — Appeals by defendants (1) from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated June 15, 1983 and entered upon a stipulation of settlement made in open court, and (2) as limited by their brief, from so much of an order of the same court, dated September 30, 1983, as denied their motions to vacate the stipulation of settlement and the judgment entered thereon, and failed to rule upon their motion to resettle the judgment so as to conform its provisions to the terms of the stipulation. ¶ Appeal from so much of the order as failed to rule upon defendants' motion to resettle the judgment dismissed, without costs or disbursements. No appeal lies from a portion of an order or judgment which fails to decide a motion and leaves it pending and undecided (*Katz v Katz,* 68 AD2d 536, 542-543). In all other respects, order affirmed insofar as appealed from, without costs or disbursements. ¶ Appeal from the judgment held in abeyance and matter remitted to the Supreme Court, Suffolk County, for a determination of defendants' motion to resettle the judgment. ¶ Special Term properly denied the motions to vacate the stipulation of settlement dictated into the record in open court on April 25, 1983. It is undisputed that defendants' attorney had authority to enter into a stipulation of settlement on their behalf. Defendant Philbin, a co-owner and principal of the defendant corporations, was present with the attorney at a meeting on April 22, 1983, at which "[t]he terms of the settlement were essentially agreed upon". The attorney testified that he typed out the terms of the agreement that had been reached, and read it to Philbin over the telephone before going to court on April 25, 1983. ¶ Under the circumstances, defendants cannot now urge that the settlement did not express their true intentions (see *Owens v Lombardi,* 41 AD2d 438). ¶ It appears, however, that Special Term

failed to rule upon defendants' motion to resettle the judgment based upon the claim that there are provisions in the judgment which vary from the terms of the stipulation. Accordingly, the appeal from the judgment is held in abeyance and the matter is remitted to Special Term for the purpose of deciding the defendants' motion to resettle. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.