■ In the Matter of FRANK T. DELLA BADIA, Respondent, v ANTONIA D'APICE et al., Respondents, and MARY C. BILOTO et al., Appellants.—In a proceeding to invalidate a petition designating Mary C. Biloto as a candidate for the public office of Mayor of the City of New Rochelle, and Eileen G. Prunty and Alice P. Dooley as candidates for the public offices of Members of the Council of the City of New Rochelle in the Right-to-Life Party primary election to be held on September 15, 1987, the appeal is from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered August 5, 1987, which granted the application as to all candidates. The appeals of the candidates Biloto and Dooley bring up for review the denial of their motion to vacate their default in appearing.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellants are members of the Right-to-Life Party who have submitted a designating petition in support of their candidacies for various public offices in the City of New Rochelle. Following a finding by the Board of Elections of the County of Westchester that the petition contained a sufficient number of valid signatures, the objector commenced this proceeding to declare the petition null and void, alleging that subscribing witnesses had not circulated the petition and further alleging the existence of a forged signature. On the return date, two of the candidates, Biloto and Dooley, failed to appear, and the court granted the objector's petition as to these two candidates on default. Their subsequent cross motion to vacate their default was denied. Upon the appeals of Biloto and Dooley we have reviewed only the denial of the vacatur of their default *(see, Katz v Katz,* 68 AD2d 536), and conclude that denial of that relief was proper.

The appellant Prunty did, however, appear; she conceded that the objector was entitled to the requested invalidation of the petition, but submitted a cross petition seeking an opportunity to ballot as to all three candidates. Under the circumstances of this case, we conclude that the court's denial of the relief requested by the appellant Prunty constituted a proper exercise of its discretion. Although the court may direct the board of elections to provide for write-in ballots under appropriate conditions *(see, Matter of Hunting v Power,* 20 NY2d 680, 681), it is not obligated to do so where the equities do not support that relief, such as here, where allegations of irregu-

larities, which include fraud, are not refuted by the candidate. Brown, J. P., Weinstein, Eiber and Kooper, JJ., concur.