■ MID ISLAND SHOPPING PLAZA CO., Respondent, v JUDITH'S CLOCKWORKS, LTD., Defendant. THOMAS TRAPANI, Nonparty Appellant.—In an action to recover rents due and owing under a lease executed by the plaintiff as landlord, and the defendant Judith Clockworks, Ltd. as tenant, Thomas Trapani, the respondent in proceedings to enforce a default judgment of the same court, entered July 3, 1986, against the defendant corporation, appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 19, 1987, which denied that branch of his motion which was to vacate the default judgment, and allegedly denied that branch of his motion which was to vacate an order of the same court, entered February 18, 1987, entered upon the appellant's default in appearing, which found him in contempt for failure to comply with a subpoena for disclosure of the assets of the defendant corporation.

Ordered that so much of the order which denied that branch of the motion which was to vacate the default judgment entered July 3, 1986 in favor of the plaintiff, is affirmed; and it is further,

Ordered that the appeal from so much of the order as

allegedly denied that branch of the motion which was to vacate the order, entered February 18, 1987, which found the appellant in contempt for failure to comply with a subpoena is dismissed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We agree with the Supreme Court, Nassau County, that the appellant failed to establish his entitlement to vacatur of the default judgment entered against the defendant corporation in favor of the plaintiff. The service of the summons and complaint in the action was made in a manner which, objectively viewed, was calculated to give the defendant corporation fair notice (see, Fashion Page v Zurich Ins. Co., 50 NY2d 265) and did, in fact, result in actual notice to it (see, Sullivan Realty Org. v Syart Trading Corp., 68 AD2d 756). Specifically, the summons was served upon the defendant corporation at that corporation's regular place of business which was the premises demised in the parties' lease and the location designated by the defendant in the lease for service of all notices. The record belies the appellant's assertions that the defendant corporation was dissolved and that the lease had been assigned to his newly formed but similarly named and similarly operated corporation. Since proper service was made, the default judgment should stand.

We note that the appellant alleges that the order appealed from denied that branch of his motion which was to vacate an order, entered February 18, 1987, which found him in contempt for failing to comply with a subpoena. However, we must dismiss so much of the appeal as seeks review of the alleged denial of that branch of the appellant's motion since the order appealed from neither grants nor denies that branch of the appellant's motion, and so far as it appears from the record, no decision with respect thereto was ever made and no order was ever entered thereon. Since the record reveals an issue of fact as to whether the appellant was properly served with the subpoena and the motion papers seeking to hold him in contempt, the matter is remitted to the Supreme Court, Nassau County, for a determination of that branch of the appellant's motion which remains pending and undecided (see, Katz v Katz, 68 AD2d 536, 542-543). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.