■ SILVER SEED CORPORATION, Respondent, v GODOFREDO TAVAREZ, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated January 26, 1990, as failed to decide his purported cross motion for summary judgment dismissing the complaint.

Ordered that the appeal is dismissed, with costs.

After the plaintiff commenced this action for specific perfor-

mance of a contract for the sale of real property and filed a lis pendens against the subject property, the defendant asserted five affirmative defenses and two counterclaims, both of which sought damages for the alleged wrongful filing of the lis pendens. The plaintiff subsequently moved, *inter alia,* to dismiss the affirmative defenses and counterclaims pursuant to CPLR 3211. Alternatively, the plaintiff requested summary judgment dismissing the counterclaims pursuant to CPLR 3212. In his opposing affirmation, the defendant's attorney requested summary judgment dismissing the complaint, without serving any notice of motion or cross motion. Before the court rendered a decision, the defendant withdrew two of his affirmative defenses, as well as certain contested requests in his demand for a bill of particulars. The Supreme Court dismissed the counterclaims and two of the affirmative defenses and allowed the one remaining affirmative defense to stand. The order appealed from did not refer to the defendant's purported cross motion for summary judgment.

On this appeal, the defendant's sole claim is that the court should have granted him summary judgment dismissing the complaint. Since the order appealed from failed to decide the purported cross motion, however, the appeal must be dismissed *(see,* CPLR 5701 [a] [2]; *Katz v Katz,* 68 AD2d 536). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.