■ Shirley White, Respondent, v Willis White, Jr., Appellant. [641 NYS2d 105] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Milano, J.), dated November 28, 1994, as, upon his default, granted those branches of the wife's application which were (a) to restrain him from selling the marital residence and (b) for an award of counsel fees, and (2) an order of the same court, dated April 26, 1995, which denied his motion to vacate the prior order.

Ordered that the appeal from the order dated November 28, 1994, is dismissed, as no appeal lies from an order made upon the default of the aggrieved party (see, Katz v Katz, 68 AD2d 536); and it is further,

Ordered that the order dated April 26, 1995, is reversed, on the law, the motion to vacate the order dated November 28, 1994, is granted, that order is vacated, and the wife's application is deemed abandoned; and it is further,

Ordered that the husband is awarded one bill of costs.

Under the circumstances of this case, where the wife did not comply with the timeliness requirement set forth in 22 NYCRR 202.48 for submitting her proposed order to the court and failed to show good cause for the delay, the Supreme Court improvidently exercised its discretion in failing to deem the wife's application abandoned and in further failing to grant the husband's motion to vacate the order which restrained him from selling the marital residence and awarded her attorneys' fees (see, Pena v City of New York, 192 AD2d 493). Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.