■ JANINE E. NEBONS, Respondent, v LEONARD NEBONS, Appellant. [683 NYS2d 133] —On the Court's own motion, it is

Ordered that the unpublished decision and order of this

Court dated December 14, 1998, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In a matrimonial action in which the parties were divorced by judgment dated March 4, 1993, the defendant former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Goldstein, J.), entered June 13, 1997, which, *inter alia*, granted the plaintiff former wife's motion for post-judgment relief and failed to decide that branch of his cross motion which was for downward modification.

Ordered that so much of the appeal as seeks review of the court's failure to decide that branch of his cross motion which was for downward modification is dismissed (*see, Katz v Katz*, 68 AD2d 536, 542-543); and it is further,

Ordered that the order is modified, on the law, by deleting the fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, and fifteenth decretal paragraphs thereof and substituting therefor a provision ordering that the deed to the former marital residence be released to the husband; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's counsel fees consistent herewith.

In the judgment of divorce dated March 4, 1993, the Supreme Court determined that the defendant owned the former marital residence located in Garden City and that the plaintiff would execute and deliver to the defendant's attorneys a bargain and sale deed in recordable form conveying her right, title, and interest in the residence to the defendant, which was to be held in escrow by the defendant's attorneys until he had satisfied certain enumerated requirements. At the hearing on the plaintiff's motion for post-judgment relief, she conceded that the defendant had satisfied each of those requirements. The court therefore erred in failing to direct the release of the deed to the former marital residence to the defendant and in imposing additional conditions on the deed's release (*see, Siegel v Siegel*, 132 AD2d 247).

The court also erred in directing the defendant to unconditionally return a certain sum of money to the children's bank accounts (*see, Siegel v Siegel, supra*). The judgment of divorce conditioned the return of those sums on either the sale or refinance of the house, contingencies which had not yet occurred at the time the order was issued.

Given the nature of the oral agreement entered into by the

parties' attorneys at the hearing, the court erred in awarding counsel fees to the plaintiff in the absence of considering her statement of net worth (cf., Stang v Stang, 173 AD2d 812), and the matter is remitted for a new determination considering that statement.

The defendant's remaining contention is without merit. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.