■ YALANDA PICKNEY, Respondent, v UNIQUE VAN SERVICE, INC., et al., Defendants, and NATHANIEL VALENTINE, Appellant.

[732 NYS2d 443] —In an action to recover damages for personal injuries, the defendant Nathaniel Valentine appeals from an order of the Supreme Court, Queens County (Golia, J.), dated August 30, 2000, which, upon renewal, vacated so much of an order of the same court dated April 18, 2000, as granted the motion of the defendants Unique Van Service, Inc., and Gerard E. Valere for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal is dismissed, without costs or disbursements, as the appellant is not aggrieved by the order appealed from (*see,* CPLR 5511).

The plaintiff commenced an action to recover damages for personal injuries resulting from a motor vehicle accident. The car in which she was a passenger, owned by the defendant Unique Van Service, Inc. (hereinafter Unique), and driven by the defendant Gerard E. Valere, was struck by the car driven by the defendant Nathaniel Valentine. The defendants Unique and Valere moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Valentine cross-moved for the same relief, adopting the evidence and arguments of the other defendants. Although the plaintiff opposed the motion and cross motion, the court did not, apparently, have the opposing papers before it when considering the summary judgment issues and, in an order dated April 18, 2000, the court, *inter alia,* granted, as unopposed, the motion of Unique and Valere dismissing the complaint as to those defendants only.

The plaintiff moved for renewal and reargument of the court's order, claiming, in effect, that the court overlooked her opposition papers. All the defendants opposed the motion, and the defendant Valentine additionally cross-moved, *inter alia,* to amend his answer to include the affirmative defenses of law of the case and res judicata, arguing that the court's prior order which determined that the plaintiff had not sustained a serious injury was the law of the case. Upon granting renewal, the court vacated its prior order to the extent that it restored the plaintiff's complaint to the active calendar. The court did not determine Valentine's cross motion to amend his answer.

The court, in its order dated August 30, 2000, restored the action to the active calendar only insofar as the complaint was asserted against the defendants Unique and Valere. Under these circumstances, Valentine's appeal must be dismissed, as he is not aggrieved by that order (*see,* CPLR 5511).

We note that since the court failed to determine Valentine's

cross motion, *inter alia*, to amend the answer, the cross motion remains pending and undecided (*see, Katz v Katz,* 68 AD2d 536, 543). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.