■ OCWEN FEDERAL BANK FSB, Appellant-Respondent, v DELUXE BUILDING SYSTEMS, Respondent-Appellant, et al., Defendant. [759 NYS2d 145] —In an action, inter alia, to recover damages for breach of warranty pursuant to UCC former 5-111 (1), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 27, 2001, as denied that branch of its motion which was for summary judgment on the cause of action for breach of warranty against the defendant DeLuxe Building Systems as to its draw dated September 7, 2000, under a certain letter of credit, and failed to determine that branch of its motion which was to sever the counterclaim of that defendant, and the defendant DeLuxe Building Systems cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the amended complaint and granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action for breach of warranty as to its draw dated September 21, 2000, under the letter of credit.

Ordered that the appeal from so much of the order as failed to determine that branch of the motion which was to sever the counterclaim of the defendant DeLuxe Building Systems is dismissed as that branch of the motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the cause of action for breach of

warranty as to the draw dated September 7, 2000, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Ocwen Federal Bank FSB (hereinafter Ocwen), issued an irrevocable standby letter of credit (hereinafter the Ocwen LC) in favor of the defendant DeLuxe Building Systems (hereinafter DeLuxe). Ocwen also obtained from the Federal Home Loan Bank of New York (hereinafter the FHLB) an irrevocable standby letter of credit in favor of DeLuxe (hereinafter the FHLB LC) in the amount of $2,500,000 to protect DeLuxe in the event Ocwen failed to pay any amounts due under the Ocwen LC.

In its letter to DeLuxe notifying it of the establishment of the standby letter of credit, the FHLB noted that Ocwen was the Customer and DeLuxe was the Beneficiary. It further noted that to draw funds on the FHLB LC, DeLuxe had to present to the FHLB a written drawing certificate in the form annexed to the letter. In the drawing certificate, Ocwen was required to state that it was the beneficiary of the FHLB LC issued for the account of the Customer, i.e., Ocwen, and to include, inter alia, the following language: "in connection with a transaction between Beneficiary [DeLuxe] and Customer [Ocwen] to which the Letter of Credit relates, [DeLuxe] is entitled to receive a payment from the Customer [Ocwen]. Beneficiary [DeLuxe] hereby certifies to you that: (1) it is the beneficiary of the above referenced Letter of Credit; [and] (2) the Customer has failed to pay the amount of US $ — (the "Demand Amount") which has become due in connection with such transaction."

By draft dated September 7, 2000, DeLuxe drew $1,896,881.93, and by a second draft dated September 21, 2000, drew another $603,118.07 under the FHLB LC. Both draws were upon drafts that included the aforementioned certification to the effect that Ocwen owed, but had not paid the aforementioned amounts to DeLuxe in connection with a transaction between it and DeLuxe. By its answer to paragraphs 39 and 47 of Ocwen's amended complaint DeLuxe, in effect, admitted that up to and including September 22, 2000, the only transaction between it and Ocwen was the Ocwen LC.

Thereafter, Ocwen commenced this action to recover damages, inter alia, for breach of warranty under UCC former 5-111 (1), on the ground that DeLuxe obtained payments under the FHLB LC by falsely certifying that it had complied with the conditions for the draws, namely, that Ocwen refused to

make a payment due it. While the Supreme Court found that DeLuxe was not in compliance with the terms of the FHLB LC when it made its second draw dated September 21, 2000, it found that DeLuxe was in compliance when it made its first draw dated September 7, 2000. We disagree with the Supreme Court's determination that DeLuxe was in compliance with the terms of the FHLB LC when it made its first draw.

UCC former 5-111 (1), as it was then in effect, provided that the "beneficiary by transferring or presenting a documentary draft or demand for payment warrants to all interested parties that the necessary conditions of the credit have been complied with." In other words, by its statements in the drawing certificate, the beneficiary, in this instance DeLuxe, warranted that all the statements made in the documents presented to obtain payment under the letter of credit were true. This warranty also extends to Ocwen, as a party named, and clearly an interested party, in the FHLB LC (*see* UCC 5-114, Comment 2).

By presenting the September 7, 2000, and September 21, 2000, drawing certificates to the FHLB including the aforementioned language, DeLuxe warranted that Ocwen had failed to pay DeLuxe specified amounts which had become due in connection with a certain transaction or transactions between Ocwen and DeLuxe. However, DeLuxe has admitted that the only transaction existing between itself Ocwen and DeLuxe which related to the FHLB LC, was the original Ocwen LC of July 22, 1999. Thus, the only way Ocwen could subsequently have "failed to pay" upon a transaction within the intendment of the FHLB LC was if DeLuxe had attempted to draw upon the Ocwen LC before presenting a drawing certificate to the FHLB, and Ocwen had failed to honor that request. Since this did not happen, DeLuxe's certification was false and constituted a breach of warranty under UCC former 5-111 (1). Accordingly Ocwen was entitled to summary judgment on its first cause action on the issue of DeLuxe's liability for breach of warranty (*see Mennen v Morgan & Co.,* 91 NY2d 13, 22 [1997]).

DeLuxe's remaining contentions, including those presented at oral argument, are without merit and, in any event, do not require a different result. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.