■ DEBRA MIGLIACCIO, Respondent, v JOHN MIGLIACCIO, Appellant. [764 NYS2d 876] —In a matrimonial action in which

the parties were divorced by judgment entered July 14, 1994, the defendant father appeals from an order of the Supreme Court, Westchester County (Montagnino, R.), dated November 6, 2002, which, after a hearing, denied his motion to direct the transfer of the parties' son from the Peekskill City School District to the Mahopac Central School District and which purportedly granted the plaintiff mother's application for an attorney's fee.

Ordered that the appeal from so much of the order as purportedly denied the mother's application for an attorney's fee is dismissed as the application remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant father contends that the Supreme Court erred in denying his motion to direct the transfer of the parties' son from the Peekskill City School District where he resides with the plaintiff mother to the Mahopac Central School District where the father has relocated. We disagree. The Supreme Court properly found that it was in the child's best interests to deny the motion (*see Matter of Tropea v Tropea,* 87 NY2d 727, 740-741 [1996]). Since the hearing court's determination depends to a great extent upon its assessment of the credibility of the witnesses, its findings must be treated with great respect unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]; *Matter of Gago v Acevedo,* 214 AD2d 565, 566 [1995]). The Supreme Court's determination has a sound and substantial basis in the record and there is no basis to disturb it.

The father further contends that the mother was not entitled to an award of an attorney's fee. However, since the order appealed from neither granted nor denied the mother's application for an attorney's fee, the issue remains pending and undecided (*see Katz v Katz, supra; see also Dutkanych v United States Fid. & Guar. Co.,* 252 AD2d 537, 539 [1998]). Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.