■ In the Matter of Board of Trustees of Wyandanch Public Library, Appellant, v Board of Education of Wyandanch Union Free School District, Respondent. [916 NYS2d 517]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Board of Education of the Wyandanch Union Free School District to relinquish to the petitioner Board of Trustees of the Wyandanch Public Library all proceeds from the bond or bond anticipation notes issued for renovations to the Wyandanch Public Library, including any interest thereon, and to prohibit the respondent from interfering with the administration of the Wyandanch Public Library, the petitioner appeals from (1) a judgment of the Supreme Court, Suffolk County (Costello, J.), dated November 17, 2009, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated March 10, 2010, which denied its motion for leave to renew and reargue the petition.

Ordered that judgment dated November 6, 2009, is reversed, on the law, the petition is granted to the extent of compelling the Board of Education of the Wyandanch Union Free School District to relinquish to the petitioner all proceeds from the bond or bond anticipation notes issued for renovations to the Wyandanch Public Library, including any interest thereon, and prohibiting the Board of Education of the Wyandanch Union Free School District from preauditing expenditures of library money, and the petition is otherwise denied; and it is further,

Ordered that the appeal from so much of the order dated March 10, 2010, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the appeal from so much of the order dated March 10, 2010, as denied that branch of the motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the judgment dated November 17, 2009; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The respondent Board of Education of the Wyandanch Union Free School District (hereinafter Board of Education) was obligated, pursuant to Education Law § 259 (1), as custodian of the bond and bond anticipation note proceeds raised for the purpose of renovating the Wyandanch Public Library facility to relinquish such proceeds to the petitioner Board of Trustees of the Wyandanch Public Library (hereinafter the Library) upon written demand (see Education Law § 259 [1]; see also Education

Law § 260 [10]; L 1973, ch 200; 2002 Ops St Comp No. 2002-7; 1993 Ops St Comp No. 93-15; 1991 Ops St Comp No. 91-57; 1987 Ops St Comp No. 87-49; 1983 Ops St Comp No. 83-32). Moreover, since the Board of Education has no "further responsibilities with respect to public library moneys where such moneys properly have been turned over to the library treasurer, there is no need for the [School District] to pre-audit expenditures of library moneys; this is the responsibility of the library trustees" (1978 Ops St Comp No. 78-166).

The Library's remaining contentions concerning its motion for an order clarifying the judgment dated November 17, 2009, and leave to amend the petition, are not properly before us as the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.