Matter of Ella C. (Miller--Card) (2019 NY Slip Op 02518)





Matter of Ella C. (Miller--Card)


2019 NY Slip Op 02518


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-03151
 (Index No. 100016/11)

[*1]In the Matter of Ella C. (Anonymous). Ira K. Miller, respondent; LaDonna Card, appellant.


LaDonna Card, Bronx, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Ella C., an incapacitated person, LaDonna Card appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 18, 2016. The order, insofar as appealed from, upon granting the motion of the attorney for Ella C. for permission to withdraw as Ella C.'s attorney, and upon, sua sponte, discharging the Court Evaluator, failed to rule on the appellant's requests for affirmative relief set forth in her responsive papers to the attorney's motion.
ORDERED that the appeal is dismissed, without costs or disbursements.
By order dated December 14, 2011, a permanent guardian of property management was appointed for the incapacitated person, Ella C. In October 2015, Ella C., by her attorney, moved to discharge the guardian on the ground, in effect, that Ella C. had "become able to exercise . . . the powers necessary to provide for" her property (Mental Hygiene Law § 81.36[a][1]). Before that motion was decided, Ella C.'s attorney moved for permission to withdraw as her counsel. The appellant, who is Ella C.'s daughter, did not oppose the attorney's motion for permission to withdraw and did not make a cross motion, but, in her response to the attorney's motion, asked for certain affirmative relief, including the discharge of the guardian, refund of the attorney's retainer fee, discharge of the Court Evaluator, and transfer of the guardianship proceeding to Pennsylvania. No response to the appellant's requests was submitted by any party. The Supreme Court granted the attorney's motion for permission to withdraw and, sua sponte, discharged the Court Evaluator, but it did not rule on the appellant's requests for affirmative relief.
Inasmuch as the order appealed from did not address the requests contained only in the appellant's opposition papers without a notice of cross motion (see CPLR 2215), the appellant's contentions with respect thereto are not properly before us on this appeal (cf. Katz v Katz, 68 AD2d 536, 542-543). Since the appellant raises no other issues, nor could she as she is not aggrieved by the order (see Mixon v TBV, Inc., 76 AD3d 144), the appeal must be dismissed.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court