Marshall v Auntie Anne's Corp. (2020 NY Slip Op 06113)





Marshall v Auntie Anne's Corp.


2020 NY Slip Op 06113


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-04303
 (Index No. 6169/17)

[*1]Veronica Marshall, appellant,
v
Auntie Anne's Corp., respondent.


Kulik Law Firm, P.C., New York, NY (Kenneth Esehak and Roman Kulik of counsel), for appellant.
Stewart H. Friedman, Garden City, NY (Timothy J. Campanella of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 15, 2019. The order, insofar as appealed from, upon granting the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, did not address the plaintiff's request for relief, in effect, pursuant to CPLR 306-b set forth in her reply to the defendant's opposition to her cross motion for leave to amend the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries. The defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The plaintiff cross-moved for leave to amend the complaint. In papers submitted in reply to the defendant's opposition to her cross motion, the plaintiff made what may be construed as a request for affirmative relief pursuant to CPLR 306-b. In an order entered January 15, 2019, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion, but did not rule on the plaintiff's request for relief pursuant to CPLR 306-b. The plaintiff appeals, arguing that she should be granted an extension of time to serve the defendant pursuant to CPLR 306-b.
Since the order appealed from did not address the request for relief pursuant to CPLR 306-b contained only in the plaintiff's reply papers, the plaintiff's contention that she should be granted an extension of time to serve the defendant pursuant to CPLR 306-b is not properly before us on this appeal (see Matter of Ella C. [Miller—Card]), 171 AD3d 744; cf. Katz v Katz, 68 AD2d 536, 542-543). As she raises no other issue, the appeal must be dismissed.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court