Zai Guang Chen v Tak Yung Cheng (2022 NY Slip Op 06159)

Zai Guang Chen v Tak Yung Cheng

2022 NY Slip Op 06159

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-03944
 (Index No. 717672/17)

[*1]Zai Guang Chen, respondent, 
v
Tak Yung Cheng, etc., appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant.
Caesar and Napoli, P.C., New York, NY (Kelsey M. Crowley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 19, 2020. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries on April 11, 2017, when he tripped over the door saddle of the balcony of his fourth floor apartment in Queens, and fell to the sidewalk below. The plaintiff commenced this action to recover damages for personal injuries and thereafter moved for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, alleging comparative negligence. In an order entered May 19, 2020, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The defendant appeals.
The defendant's contention that the issuance of a certificate of occupancy is evidence that the parapet wall did not violate Multiple Dwelling Law § 62 and therefore precludes a finding of negligence per se, raised for the first time on appeal, is not properly before this Court.
To the extent that the parties raise arguments regarding the remaining branch of the plaintiff's motion which was for summary judgment dismissing the defendant's third affirmative defense, alleging comparative negligence, that branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (see Katz v Katz , 68 AD2d 536, 542-543).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court