Mangiaracina v Jimenez-Cano (2023 NY Slip Op 05399)

Mangiaracina v Jimenez-Cano

2023 NY Slip Op 05399

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06072
 (Index No. 718485/19)

[*1]Santa Mangiaracina, appellant, 
v
Lissette Jimenez-Cano, respondent, et al., defendant.

Ronald D. Weiss, P.C., Melville, NY (Rosemarie Klie of counsel), for appellant.
Patrick Christopher, Centereach, NY, for respondent.

DECISION & ORDER
In an action to recover damages for fraud and unjust enrichment and to rescind a deed, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered July 12, 2021. The order, insofar as appealed from, failed to determine those branches of the plaintiff's motion which were for leave to renew her opposition to the motion of the defendant Lissette Jimenez-Cano pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her, which had been granted in an order of the same court dated April 17, 2020, and pursuant to CPLR 3025(b) for leave to amend the amended complaint.
ORDERED that the appeal is dismissed, with costs.
The plaintiff alleges that she owned certain real property located in Howard Beach, and that the property was subsequently transferred by a fraudulent deed to the defendant Lissette Jimenez-Cano (hereinafter the defendant). The plaintiff commenced this action against, among others, the defendant to recover damages for fraud and unjust enrichment and to rescind the deed. Prior to answering, the defendant moved pursuant CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her. In an order dated April 17, 2020, the Supreme Court granted the defendant's motion.
On April 7, 2021, the plaintiff moved, inter alia, for leave to reargue and renew her opposition to the defendant's prior motion and for leave to amend the amended complaint. In an order entered July 12, 2021, the Supreme Court denied that branch of the plaintiff's motion which was for leave to reargue. However, the court did not determine those branches of the plaintiff's motion which were for leave to renew and for leave to amend the amended complaint. The plaintiff appeals from so much of the order as failed to determine those branches of her motion.
We do not reach the plaintiff's arguments regarding those branches of her motion which were for leave to renew her opposition to the defendant's prior motion and for leave to amend the amended complaint. Those branches of the plaintiff's motion were not addressed in the order appealed from and, therefore, remain pending and undecided (see Katz v Katz , 68 AD2d 536, 543). Accordingly, we dismiss the appeal.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court