U.S. Bank N.A. v Poole (2024 NY Slip Op 01745)

U.S. Bank N.A. v Poole

2024 NY Slip Op 01745

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-00975
 (Index No. 714032/20)

[*1]U.S. Bank National Association, etc., respondent,
v
Vincent Poole, etc., appellant, et al., defendants.

Brian McCaffrey, Jamaica, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Victor L. Matthews, Edward K. Lenci, and Ashley R. Newman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vincent Poole appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 3, 2022. The order, insofar as appealed from, failed to determine that branch of that defendant's motion which was to toll interest and fees that had accrued on the subject mortgage loan.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action against the defendant Vincent Poole (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Glendale. The defendant defaulted in answering or appearing. In May 2018, an order and judgment of foreclosure and sale was entered, inter alia, granting that branch of the plaintiff's unopposed motion which was for a judgment of foreclosure and sale. Thereafter, in August 2019, the subject property was sold at auction. In or about October 2021, the defendant moved, among other things, to toll interest and fees that had accrued on the mortgage loan. In an order entered February 3, 2022, the Supreme Court, inter alia, did not determine that branch of the defendant's motion. The defendant appeals from so much of the order as failed to determine that branch of his motion.
We do not reach the defendant's arguments regarding that branch of his motion which was to toll interest and fees that had accrued on the subject mortgage loan. That branch of the defendant's motion was not addressed in the order appealed from and, therefore, remains pending and undecided (see Mangiaracina v Jimenez-Cano, 220 AD3d 943, 944; Katz v Katz, 68 AD2d 536, 543). Accordingly, we dismiss the appeal.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court