Matter of Tashawnda L. v Ladarius M. P. (2024 NY Slip Op 05283)

Matter of Tashawnda L. v Ladarius M. P.

2024 NY Slip Op 05283

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

O-01926/22 V-01928/22 Appeal No. 2892-2893 Case No. 2023-04544 2023-04511 

[*1]In the Matter of Tashawnda L., Petitioner-Appellant,
v
Ladarius M. P., Respondent-Respondent.
In the Matter of Tashawnda L., Petitioner-Appellant,
v
Ladarius M. P., Respondent-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Appeals from orders, Family Court, New York County (Gail A. Adams, Ref.), entered on or about August 10, 2023, which dismissed petitioner's custody and family offense petitions without prejudice based on her failure to appear at the fact-finding hearing, unanimously dismissed, without costs, as moot (custody petition) and as taken from a nonappealable order (family offense petition).
Petitioner's appeal from the order dismissing her custody petition without prejudice for her failure to appear has been rendered moot, insofar as it relates to custody and visitation issues, by her subsequent filing of a new custody petition in January 2024 (see Matter of Sandra G. v Victor P., 71 AD3d 588 [1st Dept 2010], lv dismissed 15 NY3d 862 [2010]).
Although petitioner moved to vacate the order of dismissal of her family offense petition, the record shows that no decision was ever made, and no order was entered deciding her motion. Consequently, the argument that the dismissal of the family offense petition should be vacated because the default was excusable and she had a meritorious defense was not ruled upon, and petitioner's motion based on that argument remains "pending and undecided," which precludes a review by this Court (Katz v Katz, 68 AD2d 536, 543 [2d Dept 1979]; see Wells Fargo Bank, N.A. v Biderman, 221 AD3d 557, 558 [1st Dept 2023], Squitieri v Kaufman, 193 AD3d 534-535 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024