Burke 2 Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op
50306(U))

[*1]

Burke 2 Physical Therapy, P.C. v State Farm Mut. Auto. Ins.
Co.

2025 NY Slip Op 50306(U) [85 Misc 3d 132(A)]

Decided on March 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY,
JJ

2023-838 K C

Burke 2 Physical Therapy, P.C., as Assignee
of Berry, Robin, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Oleg Rybak and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (D.
Bernadette Neckles, J.), dated June 26, 2023. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment
and plaintiff's separate motion to dismiss defendant's affirmative defenses.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court (D. Bernadette Neckles, J.) dated June 26, 2023, which granted
defendant's motion for summary judgment dismissing the complaint and denied plaintiff's
cross-motion for summary judgment and plaintiff's separate motion to dismiss defendant's
affirmative defenses. Plaintiff argues on appeal that the order should be reversed, defendant's
motion should be denied, and either the matter should be remitted to the Civil Court to decide
what plaintiff denominated as an amended cross-motion for summary judgment, or in the
alternative, plaintiff's separate motion to dismiss defendant's affirmative defenses should be
granted.
Contrary to plaintiff's contention on appeal, defendant's verification requests, which [*2]sought information such as plaintiff's management agreements, W-2
forms, business-related bank records, and lease agreements, to determine whether plaintiff was
ineligible to collect no-fault benefits pursuant to 11 NYCRR 65-3.16 (a) (12) due to a failure to
meet licensing requirements (see State
Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]) were not improper (see
Burke 2 Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., — Misc 3d
—, 2025 NY Slip Op 50195[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2025]).
As plaintiff's appellate brief notes, the order appealed from "made no mention of [plaintiff's]
Amended Cross-Motion." Consequently, we do not reach any issue with respect to plaintiff's
amended cross-motion for summary judgment, as it was not addressed in the order appealed from
(see Katz v Katz, 68 AD2d 536, 542-543 [1979]). However, we note that, contrary to the
contention in plaintiff's appellate brief, the denial of defendant's motion for summary judgment in
a declaratory judgment action brought in the Supreme Court, Nassau County, has no preclusive
effect on this case, as it was not a final determination on the merits (see Burke Physical Therapy, P.C. v State
Farm Mut. Auto. Ins. Co., 83 Misc 3d 41, 45 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2024]).
Plaintiff's remaining contentions lack merit. 
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 7, 2025