■ In the Matter of STANLEY HILL, as Executive Director of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Respondents, v W. ANN REYNOLDS, as Chancellor of the City University of New York, et al., Appellants.—Order, Supreme Court, New York County (Stuart Cohen, J.), entered July 23, 1992, which granted the petitioners' motion for a preliminary injunction in aid of arbitration and denied the respondents' cross motion to dismiss the petition, unanimously reversed, on the law, the petitioners' motion is denied, the respondents' cross motion is granted and the petition is dismissed, without costs. The Clerk is directed to enter judgment in favor of respondents-appellants, dismissing the petition.

The petitioners, Union officials, instituted this proceeding pursuant to CPLR 7502 (c) to enjoin the respondents, pending the issuance of an award in an underlying arbitration dispute, from laying off certain clerical and administrative employees at the City University of New York. The Union maintained that the layoffs, due to budgetary restraints, violated the

parties' collective bargaining agreement, which mandated minimum staffing levels at the University. The respondents cross moved to dismiss on the grounds, *inter alia,* that the Union had no standing to claim harm to the University, the University community, or the students, and that the petition did not allege a basis for a preliminary injunction available under CPLR 7502 (c).

The Supreme Court found that the Union had standing based on its claim of harm to the University community. Following a hearing, the court granted the petitioners' motion for a preliminary injunction in aid of arbitration, restraining the respondents from laying off, terminating, demoting, transferring or in any other manner altering the employment status due to economy, the consolidation or abolition of functions, or the curtailment of activities of the employees of the City University of New York on whose behalf the underlying arbitration was filed, pending either the issuance of the award in the underlying arbitration of the matter, or until September 30, 1992. The court denied the respondents' cross motion to dismiss the petition and their application for an order directing the petitioners to post an undertaking in the event the layoffs were ultimately upheld. The respondents' motion for reargument was also denied.

The Supreme Court erred in granting the preliminary injunction since the Union had no standing to contest the alleged harm that would be caused by layoffs to the University, the University community or the students. The claim is not one in which the Union had a specific right. In the absence of this "injury in fact", the Supreme Court was precluded from adjudicating this claim *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *Faculty of City Univ. of N. Y. Law School v Murphy,* 140 Misc 2d 525, *mod* 149 AD2d 315).

The Supreme Court further erred in concluding that the petitioners were entitled to relief under CPLR 7502 (c). Pursuant to that section, the Supreme Court may entertain an application for a preliminary injunction in connection with an arbitrable controversy, "but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." The affected workers will be entitled to reinstatement and back pay if they ultimately prevail in the arbitration proceeding. There is nothing in the record to suggest that the respondents will refuse to comply with such an award. Accordingly, irreparable

harm has not been demonstrated and a preliminary injunction was not warranted *(Hill v Dinkins,* Sup Ct, NY County, Feb. 8, 1991, index No. 3093/91, *mot for preliminary app injunction denied* No. M-780, App Div, 1st Dept, Feb. 20, 1991; *see, Cohen v Department of Social Servs.,* 30 NY2d 571, *affg* 37 AD2d 626; *Suffolk County Assn. of Mun. Empls. v County of Suffolk,* 163 AD2d 469; *DeLury v City of New York,* 48 AD2d 595). Concur —Rosenberger, J. P., Ellerin, Kupferman and Kassal, JJ.