■ In the Matter of CARLOS VALENTINE et al., Respondents, v ANTHONY J. SCHEMBRI, as Correction Commissioner of the City of New York, et al., Appellants. [622 NYS2d 257] —Order of the Supreme Court, New York County (Stanley Parness, J.), entered on April 27, 1994, which issued a temporary restraining order staying implementation of Department of Correction

Directive 2258R, aimed at curbing sick leave abuses, and which also stayed implementation of any disciplinary proceedings based on this directive, pending determination of petitioner's application for a preliminary injunction, is unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the application denied.

Petitioner obtained a temporary restraining order, pending determination of his application for a preliminary injunction, enjoining the Department of Correction from conducting disciplinary proceedings pursuant to Directive 2258R, which establishes procedures to control chronic absenteeism among the uniformed force.

Petitioner commenced his employment as a correction officer in 1984. It is alleged that between May 1, 1993 and February 14, 1994, petitioner reported sick on 39 occasions for a total of 134 days. Pursuant to Directive 2258R, petitioner could be terminated if the charges are proved.

We hold that the motion court abused its discretion by granting the temporary restraining order in the absence of a showing of irreparable harm *(see, Matter of Hill v Reynolds,* 187 AD2d 299). As petitioner concedes, if he is terminated, and that termination is later annulled, he will be entitled to reinstatement and backpay, and thus not irreparably harmed *(Matter of Hill v Reynolds, supra).* Petitioner's allegation that a possible loss of health benefits constitutes a showing of irreparable harm is speculative and not supported by the record. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.