■ JAN VAN DER LANDE, Appellant, v ROBIN JOHN STOUT et al., Respondents. [786 NYS2d 515]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 13, 2003, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a preliminary injunction, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's first and third causes of action in part and fourth and fifth causes of action in their entirety, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, with costs.

The application for a preliminary injunction against the individual defendants' use of defendant limited liability company's (LLC) funds in defense of the action and from compelling plaintiff, a member of the LLC, to make additional contributions to the LLC for such legal expenses was properly denied. Limited Liability Company Law § 420 allows the LLC to advance

and pay its members' legal expenses where, as here, there has been no judgment or "final adjudication" that the individual defendants acted in bad faith, were dishonest or personally gained profit to which they were not entitled. Plaintiff was also required to make the additional capital contribution to the LLC approved by a vote of the individual defendants, who represented a quorum of the LLC. That plaintiff commenced the lawsuit, which caused the need for the additional contribution, does not constitute an exception to his obligations to the LLC.

The court's grant of summary judgment to the extent of dismissing the first and third causes of action in part should not be disturbed. As recognized by the motion court, with the exception of claims concerning defendants' conduct in pursuing the separation of the LLC's property, the remaining allegations in the complaint constituted mere business disagreements with respect to how the property was managed, and should not be questioned by the courts where, as here, there is no evidence of bad faith or self-dealing on the part of the individual defendants (see Auerbach v Bennett, 47 NY2d 619, 629 [1979]).

Plaintiff's fourth cause of action, seeking the appointment of a receiver, was properly dismissed since the circumstances did not warrant such an appointment (see Matter of Trepper v Goldbetter, 205 AD2d 363 [1994]). The subsequent filing of a petition to dissolve defendant LLC has rendered moot plaintiff's challenge to the denial of his cross motion to amend the complaint to assert a claim for dissolution.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.