MARIAN WITKOWSKI, Respondent, v ARNELEGE ESCOBAR, Respondent, COUNTY OF SUFFOLK et al., Appellants, et al., Defendant. [813 NYS2d 486]—

In an action to recover damages for personal injuries and wrongful death, the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated February 5, 2005, as granted its motion for summary judgment dismissing the complaint insofar as asserted against it only to the extent of dismissing so much of the complaint as alleged that it breached a duty to provide adequate street lighting, and the defendant Town of Babylon separately appeals, as limited by its brief, from so much of the same order as, in effect, denied that branch of

its separate motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the County of Suffolk and the Town of Babylon.

On November 27, 2000 the plaintiff's decedent was struck by an automobile as he crossed an intersection that was not controlled by a traffic signal. After the initial impact he was struck by a second automobile. He died 15 days later. The plaintiff, inter alia, alleges that the defendant County of Suffolk failed to remedy a defective condition about which it was aware within a reasonable period of time. In addition, the plaintiff alleges that the County conducted a traffic study pursuant to which it had resolved in June 2000 to install a traffic signal at the intersection by September 2000. It is undisputed that the traffic signal had not been installed by the date of the accident. The plaintiff contends that the County was negligent in failing to install the traffic signal within a reasonable time after it resolved to do so.

In support of its motion for summary judgment, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law. While "[t]he decision to install a traffic control device is a discretionary governmental function which will not expose a municipality to liability . . . a municipality [that] determines that a traffic control device is necessary to remedy a dangerous condition . . . must act with reasonable speed to correct the condition and it may be held liable when there is an unjustified delay in implementing its remedial plan" (*Onorato v City of New York*, 258 AD2d 633, 634 [1999]; *see Friedman v State of New York*, 67 NY2d 271, 286 [1986]; *O'Brien v City of New York*, 231 AD2d 698, 699 [1996]). The evidence submitted by the County did not provide any justification for its delay in failing to install the traffic signal. Accordingly, the County's motion for summary judgment was properly granted only to the extent of dismissing so much of the complaint as alleged that it breached a duty to provide adequate street lighting (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Furthermore, the Supreme Court correctly denied summary judgment to the Town of Babylon, because it failed to demonstrate "good cause" for making its motion after the 120-day deadline imposed by CPLR 3212 (a) (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650, 651 [2004]).

To the extent that the Town of Babylon seeks relief regarding that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, we

ˈnote that the Supreme Court did not decide that branch of the motion. Thus, we do not address the Town's contention regarding that issue, as it remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]).

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.