■ GEORGE FUIAXIS, Appellant, v 111 HURON STREET, LLC, et al., Respondents. [872 NYS2d 184]—

In an action, inter alia, to dissolve a limited liability company pursuant to Limited Liability Company Law § 606, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated November 26, 2007, which denied his motion for a preliminary injunction prohibiting the defendants from enforcing against him a contractual provision demanding a contribution in the sum of $10,000 to the defendant 111 Huron Street, LLC, dated July 12, 2007, and from commencing any action or proceeding with respect to enforcement of said demand.

Ordered that the order is affirmed, with costs.

The plaintiff is a member owning a one-quarter interest in the defendant 111 Huron Street, LLC (hereinafter the LLC). After serving a notice of his election to withdraw from the LLC, the plaintiff commenced the instant action against the LLC and

the three other LLC members, each of whom also own a one-quarter interest in the LLC, for, inter alia, a judicial dissolution of the LLC and a determination of his interest therein. By letter and LLC resolution dated July 12, 2007, which was approved by the three individual defendants, who collectively hold a 75% interest in the LLC, the LLC demanded from the plaintiff a $10,000 cash contribution, to be used as an advance to the LLC for the cost of "substantial legal services incurred" in defending against the instant litigation and for paying "substantial fines" imposed by the City of New York "for boiler related violations" (hereinafter the demand). The demand explained that it was being made pursuant to paragraph 17 of the LLC's operating agreement, which provides: "From time to time, Members will be required to make cash contributions to the Company for purposes as determined by the [Managing] Committee. Should a Member fail to make the called for contribution within ten (10) days of the date set for the contribution by the Committee, any other Member may purchase the Percentage Ownership of the defaulting Member at a sum equal to six (6) time[s] the annual current legal gross rent roll divided by four (4) minus one quarter (1/4) of the outstanding debt of the Company." The plaintiff moved for a preliminary injunction prohibiting the defendants from, inter alia, enforcing the demand. The Supreme Court denied the motion on the ground that Limited Liability Company Law § 420 authorized the demand. We affirm, but on a different ground.

Here, the three individual defendants, who comprise three of the four members of the LLC's managing committee, approved the demand that each LLC member contribute $10,000 because of legal expenses incurred in defending the instant litigation and substantial fines imposed by the City of New York for boiler-related violations. As such, the demand was proper pursuant to paragraph 17 of the LLC's operating agreement. In turn, paragraph 17 is consistent with the Limited Liability Company Law, which does not preclude a limited liability company from using its funds to defend itself in a judicial dissolution action (see Limited Liability Company Law § 502 [a], [c]).

On this record, it is not clear whether Limited Liability Company Law § 420, which concerns indemnification, applies to the case at bar. In any event, even if it is applicable, it would not bar the subject demand (see Van Der Lande v Stout, 13 AD3d 261 [2004]).

To the extent that the defendants raise arguments in support of their cross motion to dismiss the complaint and in opposition to the plaintiff's motion for a preliminary injunction barring

them from, inter alia, expending LLC funds beyond those necessary in the ordinary course of business to operate the LLC, those arguments are not properly before us since the motion and the cross motion remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 33318(U).]