ALICE JOHNSON, Respondent, v MATTHEW MELNIKOFF et al., Defendants, and BANK OF NEW YORK TRUST COMPANY, N.A., Appellant. [882 NYS2d 914]—

In an action, inter alia, pursuant to RPAPL article 15 to determine title to real property, the defendant Bank of New

York Trust Company, N.A., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated September 11, 2008, as granted that branch of the plaintiff's motion which was for summary judgment declaring that its mortgage on the subject property is null and void, and denied that branch of its cross motion which was for summary judgment declaring that its mortgage is valid.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1998, the plaintiff purchased the subject property. She financed her purchase with a mortgage loan. In April 2004, the plaintiff had certain discussions with representatives of a company allegedly offering services for refinancing mortgage loans. Two months later, the plaintiff, believing that she was signing documents that would effectuate a refinancing of her mortgage loan, unwittingly executed a deed conveying title to the subject property to the defendant Matthew Melnikoff. Subsequently, in January 2006, Melnikoff encumbered the subject property by obtaining a mortgage loan with the defendant First National Bank of Arizona (hereinafter Bank of Arizona).

In March 2007, the plaintiff commenced the instant action, seeking, inter alia, to regain title to the subject property, and filed a notice of pendency against the subject property. Two months later, Bank of Arizona assigned its mortgage on the subject property to the defendant Bank of New York Trust Company, N.A. (hereinafter Bank of New York). Two months after that assignment, the Supreme Court, in a default judgment against Melnikoff entered August 30, 2007, declared the deed from the plaintiff to Melnikoff to be void ab initio.

On March 12, 2008, the plaintiff moved, inter alia, for summary judgment declaring that Bank of New York's mortgage was null and void. In response, Bank of New York cross-moved, inter alia, for summary judgment declaring that its mortgage was valid.

On her motion, the plaintiff established that Melnikoff obtained the deed under false pretenses, and hence, that the deed was void ab initio (*see GMAC Mtge. Corp. v Chan,* 56 AD3d 521, 522 [2008]; *Cruz v Cruz,* 37 AD3d 754 [2007]). Consequently, she established that the mortgage held by Bank of New York was null and void (*see GMAC Mtge. Corp. v Chan,* 56 AD3d at 522; *Ameriquest Mtge. Co. v Gaffney,* 41 AD3d 750, 751 [2007]; *LaSalle Bank Natl. Assn. v Ally,* 39 AD3d 597, 599-600 [2007]; *Cruz v Cruz,* 37 AD3d at 754). Since, in opposition, Bank

of New York failed to raise a triable issue of fact as to the mortgage's validity, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that the mortgage was null and void, and properly denied that branch of Bank of New York's cross motion which was for summary judgment declaring that the mortgage was valid.

Bank of New York's remaining contentions are without merit. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur. [*See* 20 Misc 3d 1142(A), 2008 NY Slip Op 51832(U).]