■ Effingham James, Appellant-Respondent, v Odra N. Arango et al., Defendants, and FFFC, From Now on First Franklin Financial Group, Respondent-Appellant. [898 NYS2d

527]—In an action, inter alia, to recover damages for fraud and for a judgment declaring that a deed and two mortgages are void, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered July 31, 2008, as denied that branch of his motion which was, in effect, for summary judgment declaring that the deed and mortgages are void, and the defendant FFFC, from now on First Franklin Financial Group, cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages insofar as asserted against it and, in effect, declaring that the deed and the two mortgages are valid.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that a certain deed and mortgages are void, and properly denied that branch of the cross motion of the defendant FFFC, from now on First Franklin Financial Group (hereinafter FFFC) which was for summary judgment dismissing so much of the complaint as sought to recover damages and, in effect, declaring that the deed and mortgages are valid. The plaintiff and FFFC failed to demonstrate their respective prima facie entitlements to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence they submitted in support of their respective motion and cross motion revealed the existence of triable issues of fact as to, inter alia, the validity of the deed and the mortgages (*see GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]; *cf. Johnson v Melnikoff*, 65 AD3d 519, 520-521 [2009]).

Although FFFC raises certain issues concerning those branches of its cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (4), (7) and (10), inasmuch as the Supreme Court failed to determine those branches of the cross motion, they remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Accordingly, those issues are not properly before this Court (*see Witkowski v Escobar*, 28 AD3d 543, 544 [2006]; *Matter of Jones v Amicone*, 27 AD3d 465, 470 [2006]). Covello, J.P., Florio, Miller and Eng, JJ., concur.