■ NATIONAL CITY HOME LOAN SERVICES, INC., Respondent-Appellant, v ODRA N. ARANGO et al., Defendants, and EFFINGHAM JAMES, Appellant-Respondent. [898 NYS2d 522]—

In an action to foreclose a mortgage, the defendant Effingham James appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered November 25, 2008, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied those branches of its cross motion which were, in effect, to dismiss the counterclaims of the defendant Effingham James pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment dismissing those counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the motion of the defendant Effingham James which was for summary judgment dismissing the complaint insofar as asserted against

him, and properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing James's counterclaims. James and the plaintiff failed to demonstrate their respective prima facie entitlements to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence they submitted in support of their respective motion and cross motion revealed the existence of triable issues of fact as to the validity of a deed that James executed conveying title to certain real property to the defendant Odra N. Arango, and as to the validity of the subject mortgage, which Arango executed in favor of the defendant FFFC, from now on First Franklin Financial Group (hereinafter FFFC), and which FFFC assigned to the plaintiff (*see GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]; *cf. Johnson v Melnikoff*, 65 AD3d 519, 520-521 [2009]). That evidence also revealed the existence of a triable issue of fact as to whether FFFC and the plaintiff were bona fide encumbrancers for value (*see* Real Property Law § 266; *Maiorano v Garson*, 65 AD3d 1300, 1302 [2009]).

The plaintiff's remaining contention is without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur.