■ WIN RADIO BROADCASTING CORP., Appellant, v FLETCHER, HEALD & HILDRETH, PLC, Respondent. [942 NYS2d 211]—

In an action, inter alia, to recover damages for fraudulent misrepresentation and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered March 24, 2011, which granted that branch of the defendant's motion which was to dismiss the complaint, pursuant to CPLR 3211 (a) (5), on the ground that the action is barred by the doctrine of collateral estoppel.

Ordered that the order is affirmed, with costs.

The defendant, a Virginia-based law firm, represented the plaintiff in connection with the purchase of a New York-based radio station. The defendant previously commenced an action in Virginia against the plaintiff to recover unpaid legal fees incurred in connection with that transaction. The Virginia action terminated with a judgment in favor of the defendant, directing the plaintiff to pay the defendant for outstanding legal fees. In this action, the plaintiff alleges, inter alia, that one of the defendant's attorneys misrepresented that the defendant could competently represent the plaintiff in the acquisition of the New York-based radio station.

The Supreme Court properly directed dismissal of the complaint pursuant to the doctrine of collateral estoppel. "Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second ac-

tion is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349).

Here, the issues raised in the complaint were necessarily decided against the plaintiff in the Virginia action. Furthermore, the plaintiff had a full and fair opportunity to litigate the claims raised in its complaint in the Virginia action. Under these circumstances, the Supreme Court properly directed dismissal of the complaint pursuant to the doctrine of collateral estoppel.

We do not reach the parties' contentions regarding the remaining branches of the defendant's motion, which were to dismiss the complaint pursuant to CPLR 3211 (a) (1), (4), (5) (based on the statute of limitations), (7) and (8), as the Supreme Court did not determine those branches of the motion and, thus, they remain pending and undecided and, in any event, are academic (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]; *James v Arango*, 72 AD3d 899 [2010]). Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.