In an action, inter alia, to impose a constructive trust, the defendants Cheskel Grunwald, the Estate of Pesy Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp., appeal from (1) an order of the Supreme *950 Court, Kings County (Jacobson, J.), dated June 15, 2011, which conditionally granted that branch of the plaintiffs motion which was to strike their answer and counterclaim unless they complied with an order of the same court dated August 3, 2010, within 30 days of service upon them of the order dated June 15, 2011, and (2) an order of the same court dated July 17, 2012, which granted that branch of the plaintiffs motion which was to strike their answer and counterclaim on the ground that they had not complied with the order dated June 15, 2011.
Ordered that the order dated June 15, 2011, is reversed, on the law, that branch of the plaintiffs motion which was to strike the answer and counterclaim of the defendants Cheskel Grunwald, the Estate of Pesy Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp. is denied, and the order dated July 17, 2012, is vacated; and it is further,
Ordered that the appeal from the order dated July 17, 2012, is dismissed as academic in light of our determination on the appeal from the order dated June 15, 2011; and it is further,
Ordered that one bill of costs is awarded to the defendants Cheskel Grunwald, the Estate of Pesy Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp.
The Supreme Court should have denied that branch of the plaintiffs motion which was to strike the answer and counterclaim of the defendants Cheskel Grunwald, the Estate of Pesy Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp. (hereinafter collectively the appellants). The affirmation of good faith submitted by the plaintiffs counsel did not satisfy 22 NYCRR 202.7, as it did not refer to any communications between the parties that would evince a diligent effort by the plaintiff to resolve the present discovery dispute (see 22 NYCRR 202.7 [c]; Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908 [2013]; Yargeau v Lasertron, 74 AD3d 1805 [2010]; Quiroz v Beitia, 68 AD3d 957, 960 [2009]; Natoli v Milazzo, 65 AD3d 1309, 1310-1311 [2009]; Chervin v Macura, 28 AD3d 600, 602 [2006]; Hegler v Loews Roosevelt Field Cinemas, 280 AD2d 645 [2001]; Barnes v NYNEX, Inc., 274 AD2d 368 [2000]; Romero v Korn, 236 AD2d 598 [1997]). Accordingly, we reverse the order dated June 15, 2011, deny that branch of the plaintiffs motion which was to strike the appellants’ answer and counterclaim, vacate the order dated July 17, 2012, and dismiss the appeal from the order dated July 17, 2012, as academic in light of our determination on the appeal from the order dated June 15, 2011.
*951 The appellants also raise arguments concerning that branch of the plaintiffs motion which was to strike their answer and counterclaim on the ground of spoliation. However, the Supreme Court did not determine that branch of the motion. Accordingly, we do not address the appellants’ arguments regarding that issue, as that branch of the plaintiffs motion remains pending and undecided (see James v Arango, 72 AD3d 899, 900 [2010]; Fuiaxis v 111 Huron St., LLC, 58 AD3d 798, 799-800 [2009]; Katz v Katz, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.