■ NATIONAL CITY HOME LOAN SERVICES, INC., Plaintiff, v ODRA N. ARANGO et al., Defendants, and EFFINGHAM JAMES, Appellant. PNC BANK NATIONAL ASSOCIATION, Nonparty Respondent. (And Another Action.) [985 NYS2d 119]—

In an action to foreclose a mortgage, the defendant Effingham James appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated May 13, 2013, which granted the motion of nonparty PNC Bank National Association, inter alia, for leave to be substituted as the plaintiff in the action and to amend the caption accordingly, and denied his cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of nonparty PNC Bank National Association, inter alia, for leave to be substituted as the plaintiff in the action and to amend the caption accordingly, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court should have denied that branch of the motion of nonparty PNC Bank National Association (hereinafter PNC Bank) which was for leave to be substituted as the plaintiff and to amend the caption accordingly, since it lacked standing to prosecute this action (*see Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 774-775 [2013]). The defendant Effingham James did not waive the defense of lack of standing by failing to raise it in his answer or a pre-answer motion to dismiss, because the issue of whether PNC Bank is a proper plaintiff did not exist at the time that James served his answer, and only became relevant when PNC Bank moved, inter alia, for leave to be substituted as the plaintiff in the action.

Furthermore, PNC Bank failed to establish that it was the holder or assignee of the subject mortgage and underlying note either at the time the action was commenced or by virtue of a subsequent assignment (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Midland Mtge. Co. v Imtiaz*, 110 AD3d at 774-775; *cf. W & H Equities LLC v Odums*, 113 AD3d 840 [2014]). The defendant FFFC was the original holder of the mortgage and note. In September 2003, FFFC assigned the mortgage and note to the plaintiff, National City Home Loan Services (hereinafter National City). National City was wholly owned by its par-

ent corporation, National City Corp., until 2006, when Merrill-Lynch purchased National City. There is no documentary proof in the record, however, that National City ever assigned the mortgage and note to National City Corp. National City Corp. merged with PNC Bank in December 2008, and PNC Bank became the successor to National City Corp. by virtue of the merger. Since there is no proof in the record that National City Corp. was ever the holder or assignee of the mortgage and note, PNC Bank failed to show that it is the holder or assignee of the mortgage and note and, thus, failed to establish that it has standing to prosecute this action (*see Midland Mtge. Co. v Imtiaz*, 110 AD3d at 774-775; *cf. W & H Equities LLC v Odums*, 113 AD3d 840 [2014]). Since PNC Bank failed to establish standing, the remaining branches of its motion also should have been denied.

The Supreme Court properly denied James's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him because it was based on the same proof and was for the same relief as was sought in a prior motion, which was denied by order of the Supreme Court, and which order was affirmed by this Court (*see National City Home Loan Servs., Inc. v Arango*, 72 AD3d 915 [2010]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.