# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**552**
**CA 13-01125**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

STATE BANK OF TEXAS, PLAINTIFF-RESPONDENT,

              V                              MEMORANDUM AND ORDER

KAANAM, LLC, DEFENDANT,
MILIND K. OZA AND NAYNA M. OZA,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

LAW OFFICE OF CARL E. PERSON, NEW YORK CITY (CARL E. PERSON OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

MORRISROE HEBERT LLP, BUFFALO (RICHARD J. MORRISROE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (John
A. Michalek, J.), entered September 25, 2012.  The order, among other
things, denied the motion of defendants Milind K. Oza and Nayna M. Oza
to vacate a prior order and judgment of the court dated June 28, 2012.


It is hereby ORDERED that the order so appealed from is unanimously
reversed on the law without costs and the matter is remitted to Supreme
Court, Chautauqua County, for further proceedings in accordance with the
following Memorandum:  In appeal No. 1, the individual defendants
(defendants), the personal guarantors of the note at issue, appeal from
an order denying their motion to vacate the order and judgment entered
on their default, which granted plaintiff's motion for summary judgment
on the complaint and counterclaims, and awarded plaintiff $501,633.50.
 In appeal No. 2, defendants appeal from an order that, inter alia, denied
their motion for leave to reargue or renew the motion to vacate.  We
conclude in appeal No. 1 that the court erred in denying the motion to
vacate without conducting a traverse hearing to determine whether
defendants were properly served with plaintiff's motion for summary
judgment.  We therefore reverse the order in appeal No. 1 and remit the
matter to Supreme Court to decide the motion to vacate following a traverse
hearing.  In light of our determination in appeal No. 1, we dismiss as
moot the appeal from the order in appeal No. 2.

We conclude that defendants established in support of the motion
to vacate that there is an issue of fact whether their counsel received
adequate notice of the return date for plaintiff's motion for summary
judgment, thus raising the possibility that the court did not have
"jurisdiction to entertain the motion" (*Financial Servs. Veh. Trust v Law*

*Offs. of Dustin J. Dente*, 86 AD3d 532, 532; *see Nowak v Oklahoma League for Blind*, 289 AD2d 995, 995; *Hibbard v Shaad*, 99 AD2d 670, 670; *see generally* CPLR 5015 [a] [4]). It is undisputed that plaintiff's counsel failed to enter the return date of June 28, 2012 on the notice of motion mailed with the other motion papers to defendants' counsel on May 30, 2012 (May 30 package) (*cf. Bush v Hayward*, 156 AD2d 899, 900, *lv denied* 75 NY2d 709). It is also undisputed that a subsequent notice of motion mailed as part of a "proof of service packet" was not delivered to defendants' counsel until two days before the return date (*see Bigaj v Gehl*, 154 AD2d 893, 893). In opposition to defendants' motion to vacate, plaintiff contended that the May 30 package mailed to defendants' counsel contained a cover letter stating the time, place, and date that the motion for summary judgment would be heard. In an affirmation, defendants' counsel denied that a cover letter was included in the May 30 package and averred that he therefore did not submit papers in opposition or appear in court on the return date. Although plaintiff submitted the affidavits of its counsel's secretary and a mailroom employee to whom the secretary delivered the May 30 package in support of its position that the cover letter was included in the May 30 package, we note that the affidavits were inconsistent with respect to whether the cover letter was included in the contents of the May 30 package and whether the May 30 package was sealed before the secretary delivered it to the mailroom employee (*see generally Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411). In our view, those inconsistencies constitute "convincing supporting circumstances" for the position of defendants' counsel that the cover letter was not in the May 30 package (*Matter of Futterman v New York State Div. of Hous. & Community Renewal*, 264 AD2d 593, 595, *lv dismissed* 94 NY2d 846, 847). Under all of the circumstances of this case, we conclude that the "affirmation from [defendants' counsel] that [he] never received [the cover letter] . . . is sufficient" to raise the issue whether defendants' counsel received adequate notice in the May 30 package of the return date for plaintiff's motion for summary judgment (*Adames v New York City Tr. Auth.*, 126 AD2d 462, 462; *see Matter of Harrell v Fischer*, 114 AD3d 1092, 1092-1093; *Daulat*, 32 AD3d at 411; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344; *see generally Matter of Bart-Rich Enters., Inc. v Boyce-Canandaigua, Inc.*, 8 AD3d 1119, 1120).

Entered: August 8, 2014                    Frances E. Cafarell
                                           Clerk of the Court