Mangovski v DiMarco (2019 NY Slip Op 06270)





Mangovski v DiMarco


2019 NY Slip Op 06270


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


533 CA 18-01750

[*1]LUPCO MANGOVSKI, INDIVIDUALLY AND IN THE NAME & RIGHT OF TDK OPERATING COMPANY, LLC, AND ANY OF ITS WHOLLY-OWNED SUBSIDIARIES, TDK-2 OPERATING COMPANY, LLC, AND ANY OF ITS WHOLLY-OWNED SUBSIDIARIES, TDK-3 OPERATING COMPANY, LLC, AND ANY OF ITS WHOLLY-OWNED SUBSIDIARIES, TDK-4 OPERATING COMPANY, LLC, AND ANY OF ITS WHOLLY-OWNED SUBSIDIARIES, AND ON BEHALF OF ALL OTHER MEMBERS OF THESE LLC'S LISTED SIMILARLY SITUATED, IF ANY, PLAINTIFF-RESPONDENT,
v
STEPHEN DIMARCO, INDIVIDUALLY AND AS TRUSTEE FOR THE DAVID DIMARCO FAMILY TRUST, TDK OPERATING COMPANY, LLC, TDK-2 OPERATING COMPANY, LLC, TDK-3 OPERATING COMPANY, LLC, TDK-4 OPERATING COMPANY, LLC, TDK OPERATING COMPANY OF ONEIDA, LLC, TDK PROPERTY COMPANY OF ONEIDA, LLC, TDK PROPERTY COMPANY, LLC, TDK-4 PROPERTY COMPANY LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. (APPEAL NO. 1.) 






COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (ELIZABETH A. HOFFMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BARCLAY DAMON, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 18, 2017. The order, among other things, granted in part plaintiff's motion for a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking a preliminary injunction directing defendants to provide plaintiff with a vehicle and to reinstate his health care plan and vacating the first, second, and ninth ordering paragraphs, and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, defendants-appellants (defendants) appeal from an order that, inter alia, granted in part plaintiff's motion for a preliminary injunction and directed plaintiff to post an undertaking in the amount of $500. In appeal No. 2, defendants appeal from an order denying their motion seeking leave to renew their opposition to plaintiff's motion. With respect to appeal No. 1, we agree with defendants that Supreme Court abused its discretion in granting those parts of plaintiff's motion seeking a preliminary injunction directing defendants to provide plaintiff with a vehicle and to reinstate plaintiff's health care plan pending a final resolution of the action (see generally Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009]), and we therefore modify the order by denying the motion to that extent and vacating the first and second ordering paragraphs. In light of that determination, there is no longer a need for an undertaking, and we therefore further modify the order by vacating the ninth ordering paragraph.
A party seeking a preliminary injunction "must establish, by clear and convincing evidence . . . , three separate elements: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor' " (id., quoting Doe v Axelrod, 73 NY2d 748, 750 [1988]). Although we agree with plaintiff that he established a "likelihood of success on the merits in the underlying action" (Park S. Assoc. v Blackmer, 171 AD2d 468, 469 [1st Dept 1991]; see generally Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1096 [4th Dept 2018]; McGuire v Huntress [appeal No. 2], 83 AD3d 1418, 1420 [4th Dept 2011], lv denied 17 NY3d 712 [2011]) and that the balance of equities tips in his favor (see generally Destiny USA Holdings, LLC, 69 AD3d at 223), we agree with defendants that plaintiff failed to establish that he would suffer irreparable injury if he were denied access to one of defendants' vehicles and were required to fund his own health insurance. With respect to both the vehicle and the health insurance, " plaintiff has an adequate remedy in the form of monetary damages,' " rendering injunctive relief " both unnecessary and unwarranted' " (id. at 217).
With respect to health insurance, we note that plaintiff presented no evidence that he was unable to obtain a comparable policy or that the interruption in coverage would impact an ongoing course of medical treatment. Rather, his "allegation that a possible loss of health benefits constitute[d] a showing of irreparable harm [was] speculative and not supported by the record" (Matter of Valentine v Schembri, 212 AD2d 371, 372 [1st Dept 1995]; see Custom Survey Group v Oxford Health Plans [NY], Inc., 2013 NY Slip Op 33557[U], *5 [Sup Ct, Suffolk County 2013]; Matter of McGee v Tyco Intl. Ltd., 2004 WL 7329685, *1 [Sup Ct, NY County 2004]; cf. International Union of Operating Engrs., Local No. 463 v City of Niagara Falls, 191 Misc 2d 375, 380-381 [Sup Ct, Niagara County 2002], affd sub nom. Bathurst v City of Niagara Falls, 298 AD2d 1010 [4th Dept 2002], lv denied 99 NY2d 504 [2002]; Gibouleau v Society of Women Engrs., 127 AD2d 740, 741 [2d Dept 1987]). There was no showing of any harm to plaintiff aside from economic loss, and "[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (EdCia Corp. v McCormack, 44 AD3d 991, 994 [2d Dept 2007]).
We reject defendants' contention, however, that the court abused its discretion in granting that part of plaintiff's motion seeking to enjoin defendant companies from paying for the cost of the defense of this action, which is based on, inter alia, allegations that defendant Stephen DiMarco, individually and as Trustee for the David DiMarco Family Trust, breached a contract with plaintiff and otherwise breached his fiduciary duties to plaintiff. Although Limited Liability Company Law § 420 permits the advancement of legal fees to a member (see Van Der Lande v Stout, 13 AD3d 261, 261-262 [1st Dept 2004]), "the statutory language is permissive and does not per se create a legal duty to indemnify" (546-522 West 146th St. LLC v Arfa, 99 AD3d 117, 121 [1st Dept 2012]; see Borriello v Loconte, 42 Misc 3d 1228[A], 2014 NY Slip Op 50241[U], *6 [Sup Ct, Kings County 2014]).
As a result, we must review the language of the various operating agreements to determine whether DiMarco is entitled to the advancement of his legal fees (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 7 [1st Dept 2009]; Borriello, 2014 NY Slip Op 50241[U], *6). The operating agreements at issue here "[do] not provide for advancement of legal fees, but only for indemnification provided that [DiMarco] is not found to be in breach of any [of his] duties" (Borriello, 2014 NY Slip Op 50241[U],*6; cf. Ficus Invs., Inc., 61 AD3d at 7).
Additionally, even if the operating agreements permitted the advancement of legal fees before a determination on the merits of this action, we would nevertheless affirm that part of the order enjoining defendant companies from paying the cost to defend this action. In support of his motion, plaintiff submitted evidence raising significant concerns that DiMarco was engaging in acts that threatened " to render the judgment ineffectual' " (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 545 [2000]; see CPLR 6301; Destiny USA Holdings, LLC, 69 AD3d at 216-217). Inasmuch as the purpose of a preliminary injunction under CPLR 6301 "is to preserve the status quo and to prevent dissipation of property which may make a judgment ineffectual" (Rattner & Assoc. v Sears, Roebuck & Co., 294 AD2d 346, 346 [2d Dept 2002]), we decline to disturb the court's discretionary determination to enjoin defendant companies from paying for the cost to defend this action.
Based on our determination, the contentions raised by defendants in appeal No. 2 are rendered moot (see State Bank of Texas v Kaanam, LLC, 120 AD3d 900, 901 [4th Dept 2014]) or academic (see Rural Community Coalition, Inc. v Village of Bloomingburg, 118 AD3d 1092,
1098 [3d Dept 2014]), and we therefore dismiss that appeal.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court