Matter of Streiff v Streiff (2021 NY Slip Op 06252)





Matter of Streiff v Streiff


2021 NY Slip Op 06252


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


823 CAF 21-00311

[*1]IN THE MATTER OF MARK A. STREIFF, PETITIONER-APPELLANT,
v
ELISABETH J. STREIFF, RESPONDENT-RESPONDENT. 






ANGEL A. CASTRO, III, CICERO, FOR PETITIONER-APPELLANT. 
KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
ARLENE BRADSHAW, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered July 28, 2020 in proceedings pursuant to Family Court Act article 6. The order, among other things, dismissed the amended petition for modification of the custody and visitation provisions of the parties' judgment of divorce and the petition for enforcement of those provisions. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the "adjudged" and first ordering paragraphs and reinstating the amended petition for modification of the custody and visitation provisions of the parties' judgment of divorce and the petition for enforcement of those provisions, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings on the amended petition and petition.
Memorandum: Petitioner father appeals from an order that, inter alia, dismissed his amended petition for modification of the custody and visitation provisions of the parties' judgment of divorce and his petition for enforcement of those provisions (collectively, petitions). On January 29, 2020, which was eight days before the scheduled hearing on the petitions, respondent mother filed a motion seeking, inter alia, to preclude the father from offering into evidence certain materials that had been requested in the mother's notice to produce to which the father had not responded and to strike the allegations in the petitions related to those materials. The record reflects that a return date was not initially provided on January 29, 2020, but that Family Court later advised the mother's counsel that the motion would be returnable on February 6, 2020, which was also the previously scheduled date for the hearing on the father's petitions. The father did not respond to the motion.
Prior to beginning the hearing on February 6, 2020, the court stated that the father had not responded to the motion. The father's counsel replied that the motion was untimely. The mother's counsel explained that she had mailed the motion to the father's counsel on January 29, 2020, and the court suggested that the eight-day period between mailing and the return date was sufficient. The father responded that he had not received the motion papers until that Monday, i.e., February 3, 2020. The court rejected the father's contention that the motion was untimely, however, stating that it was "going to entertain the motion."
At that point the father's counsel addressed the merits of the motion, stating that he had no intention of introducing into evidence the material that was the subject of the notice to produce and thus would consent to an order precluding him from introducing that material. The court then stated, however, that the motion also sought to strike allegations in the petitions [*2]related to those materials, repeated that the father had not responded to the motion, and granted those parts of the motion seeking to preclude the materials and to strike the allegations in the petitions related thereto. Based on the court's decision regarding the motion, the father's counsel requested that he be allowed to withdraw the petitions without prejudice or, in the alternative, that the hearing be postponed so that he could respond to the merits of the motion. During those discussions, the father's counsel continued to argue that the motion was untimely, that the motion papers he had received did not bear a return date, and that he had not received the papers until that Monday. Based on the request to withdraw the petitions by the father's counsel following the court's decision to grant the mother's motion in part, the court dismissed the petitions, but did so with prejudice.
We agree with the father that the court erred in considering the mother's motion because it was untimely. Pursuant to CPLR 2214 (b), "[a] notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard." Although service is complete upon mailing, five days must be added to any relevant time period measured from the date of service when service is effected by mail (see CPLR 2103 [b] [2]). At the hearing, the mother's counsel stated that she served the motion papers by mailing them on January 29, 2020, i.e., eight days before the return date on February 6, 2020. Adding five days to the typical eight-day period (see id.), we conclude that the father's counsel lacked adequate notice of the motion and that the court erred in considering it (see generally State Bank of Texas v Kaanam, LLC, 120 AD3d 900, 901 [4th Dept 2014]). Because the court's decision to grant in part the motion formed the basis for the request of the father's counsel to withdraw the petitions without prejudice and the court's decision to dismiss the petitions with prejudice, we modify the order by vacating the "adjudged" and first ordering paragraphs, reinstating the petitions, and remitting the matter to Family Court for further proceedings on the petitions.
Based on the above, the father's further contentions regarding the order on appeal are academic.
Although the father also contends that the court abused its discretion in awarding the mother attorneys' fees, the order on appeal did not grant the mother's request for attorneys' fees. That issue was resolved in a separate order from which the father has not appealed, and thus his contention on the issue of attorneys' fees is not properly before us (see generally Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1393 [4th Dept 2015]; Weichert v Delia, 1 AD3d 1058, 1058-1059 [4th Dept 2003], lv denied 1 NY3d 509 [2004]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court