Eckert v Meadows (2023 NY Slip Op 02407)

Eckert v Meadows

2023 NY Slip Op 02407

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, AND MONTOUR, JJ.

60 CA 22-00614

[*1]RACHEL ECKERT, PLAINTIFF-APPELLANT,
v
CAROLETTE MEADOWS, NATHAN BOYD, CAPUCINE PHILSON, JANATE INGRAM, DEBRA JORDAN AND EVILYS TORRES, DEFENDANTS-RESPONDENTS. 

RACHEL ECKERT, PLAINTIFF-APPELLANT PRO SE.

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 25, 2021. The order denied plaintiff's application for permission to proceed as a poor person. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is granted.
Memorandum: Plaintiff submitted a poor person application pursuant to CPLR 1101 seeking to pursue an action for, inter alia, damages arising from various acts of libel and slander committed by defendants that allegedly injured plaintiff's reputation and business. Supreme Court denied the application, determining that plaintiff "failed to make . . . [a] sufficient showing of a meritorious cause of action." Plaintiff, pro se, appeals, and we reverse.
Pursuant to CPLR 1101, a civil litigant seeking permission to proceed as a poor person when commencing an action must establish that the litigant is unable to pay the costs, fees and expenses necessary to prosecute the action and, inter alia, set forth "sufficient facts so that the merit of the contentions can be ascertained" (CPLR 1101 [a]). With respect to the potential merits of the action, a court "should merely satisfy itself that the [action] is not frivolous or, stated another way, that the [action] has arguable merit" (Nicholas v Reason, 79 AD2d 1113, 1113 [4th Dept 1981]; see Popal v Slovis, 82 AD3d 1670, 1671 [4th Dept 2011], lv dismissed 17 NY3d 842 [2011]; Matter of Young v Monroe County Clerk's Off., 46 AD3d 1379, 1380 [4th Dept 2007]). "Although the determination whether to grant permission to proceed as a poor person lies within the sound discretion of the . . . court," we conclude under the circumstances here that the court abused its discretion in denying the application (Young, 46 AD3d at 1380; see Popal, 82 AD3d at 1671; cf. Jefferson v Stubbe, 107 AD3d 1424, 1424 [4th Dept 2013], appeal dismissed & lv denied 22 NY3d 928 [2013]).
To the extent that plaintiff contends in her appellate brief and in her post-argument submissions that the court erroneously dismissed the amended complaint, we note that her contention is not properly before us inasmuch as the order on this appeal did not dismiss the amended complaint and there is no indication in the record that the amended complaint has been dismissed (see generally Matter of Streiff v Streiff, 199 AD3d 1370, 1372 [4th Dept 2021]; Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1393 [4th Dept 2015]).
In light of our determination, we do not address plaintiff's remaining contentions.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court