Ocwen Loan Servicing, LLC v Maffett (2024 NY Slip Op 01624)

Ocwen Loan Servicing, LLC v Maffett

2024 NY Slip Op 01624

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

27 CA 23-00168

[*1]OCWEN LOAN SERVICING, LLC, PLAINTIFF-APPELLANT,
v
TIMOTHY D. MAFFETT, ET AL., DEFENDANTS, MAGMA PROPERTIES, INC., AND LARRY NEWMAN, DEFENDANTS-RESPONDENTS. 

MCGLINCHEY STAFFORD, PLLC, NEW YORK CITY (MATTHEW J. GORDON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered December 21, 2022. The judgment and order, inter alia, dismissed the action. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this action to foreclose a residential mortgage, Magma Properties, Inc. and Larry Newman (collectively, defendants) moved by order to show cause for leave to reargue their opposition to a motion of plaintiff for summary judgment and an order of reference and for vacatur of an earlier order that, inter alia, granted plaintiff's motion. Supreme Court effectively granted defendants' motion by vacating the earlier order and granting leave to reargue plaintiff's summary judgment motion. Upon reargument, the court effectively denied plaintiff's motion, searched the record pursuant to CPLR 3212 (b), and granted summary judgment in favor of defendants dismissing the complaint without prejudice on the ground that plaintiff failed to establish standing. Plaintiff appeals.
We reject plaintiff's initial contention that defendants did not have a legal basis for their motion. Plaintiff is correct that "CPLR 5015 (a) (1) relief is unavailable where, as here, there was no default" (Marshall v Marshall, 198 AD3d 1288, 1289 [4th Dept 2021]; see Firemen's Fund Ins. Co. v Dietz, 110 AD2d 1083, 1084 [4th Dept 1985]). It is well settled, however, that "[i]n addition to the grounds set forth in section 5015 (a), a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Inasmuch as the order of reference was inadvertently granted upon a mistaken belief that plaintiff's motion for summary judgment was unopposed, defendants had an appropriate legal basis to seek relief pursuant to the court's "inherent discretionary power" to vacate its prior order (id. [internal quotation marks omitted]; see Wells Fargo Bank v Hodge, 92 AD3d 775, 775 [2d Dept 2012], lv dismissed 23 NY3d 1012 [2014]; Red Creek Natl. Bank v Blue Star Ranch, 58 AD2d 983, 983-984 [4th Dept 1977]). Furthermore, contrary to plaintiff's contention with respect to the timeliness of that part of defendants' motion seeking leave to reargue, we conclude that defendants may properly seek that relief, particularly with respect to plaintiff's standing, inasmuch as "the court ha[s] authority to reexamine its prior ruling on the issue of standing [given that] 'every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action' " (Carrington Mtge. Servs., LLC v Sudano, 173 AD3d 1814, 1815 [4th Dept 2019], quoting Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see Profita v Diaz, 100 AD3d 481, 481 [1st Dept 2012]; Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 638 [2d Dept 2005]).
We agree with plaintiff, however, that the court erred in proceeding to determine the merits of defendants' motion inasmuch as the parties submitted conflicting evidence as to whether defendants' motion papers were properly served as directed in the order to show cause. "The absence of proper service of an order to show cause deprives the court of jurisdiction to entertain the motion" (Serrao v Slope Stor., 223 AD3d 927, 927 [2d Dept 2024]; see Page v Niagara Falls Mem. Med. Ctr., 167 AD3d 1428, 1432 [4th Dept 2018]; see also State Bank of Texas v Kaanam, LLC, 120 AD3d 900, 901 [4th Dept 2014]). Thus, we vacate the judgment and order and remit the matter to Supreme Court for a hearing on the issue whether defendants properly served the order to show cause and supporting papers and, if so, to determine upon reargument whether the submissions establish as a matter of law that either party is entitled to summary judgment (see State Bank of Texas, 120 AD3d at 901; Daulat v Helms Bros., Inc., 32 AD3d 410, 411 [2d Dept 2006]; see also Carrington Mtge. Servs., LLC, 173 AD3d at 1815).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court